CARTER AND MOORE *against* THE UNITED INSURANCE
COMPANY OF NEW-YORK.

A bill filed to recover the amount of a total loss on a *policy of insurance,*
stating no other ground of equitable relief, than that the policy had been
assigned to the plaintiffs by the insurers, in whose name it had been effect-
ed, and that the insurers refused to pay, was, on demurrer, dismissed, with
costs, the plaintiff having adequate remedy at law.

THE bill was filed by the plaintiffs, as assignees of a
policy of insurance, underwritten by the defendants, for
*William Titus* and *George Gibbs,* on which the plaintiffs
claimed payment for a total loss.   The insurance was on
500 barrels of flour from *Newport* to *St. Jago de Cuba,* on
board the *Spanish* brig *Patriota,* which was captured by a
*Carthagena* privateer.   On the 21st of *December,* 1814, the
policy was assigned by *Titus* and *Gibbs* to the plaintiffs, in
*trust,* for themselves and other creditors of *Titus* and *Gibbs.*
The bill charged that the defendants refused to pay the loss,
alleging, among other things, that the plaintiffs had no title
to the property insured, which, in fact, belonged to one *J.,* a
*Spaniard,* and not to *Titus* and *Gibbs.*   The bill prayed that
the defendants might answer the matter charged in the bill,
and be compelled to pay the plaintiffs the amount insured,
as for a total loss.

To this bill the defendants demurred on the following
grounds: That it appeared by the bill that the plaintiffs'
demand, or cause of action, was properly cognizable in a
court of law; as it is not alleged that *Titus* and *Gibbs*
refused to let the plaintiffs make use of their names, in a suit
at law; or that they are, in any way, hindered from prosecuting
at law; or that they stood in need of any discovery to aid
them in such action.

1815.          S. *Jones*, jun., in support of the demurrer.   He cited
CARTER    *Marsh. on Ins.* 679.   4 *Bro. P. C.* (*Tomlin's* edit.) 436.
v.        *Mosely's Rep.* 83.   1 *Atk.* 457.
UNIT. INS. Co.

T. *A. Emmet*, contra.

THE CHANCELLOR.   The demand is properly cogniza-
ble at law, and there is no good reason for coming into this
court to recover on the contract of insurance.   The plaintiffs
are entitled to make use of the names of *Gibbs* and *Titus*,
the original assured, in the, suit at law ; and the nominal
plaintiffs would not be permitted to defeat or prejudice the
right of action.   It may be said here, as was said by the
Chancellor, in the analogous case of *D hegetoft* v. *The Lon-
don Assurance Company*, (*Mosely*, 83.,) that, at this rate,
all policies of insurance would be tried in this court.   In that
case the policy stood in the name of a nominal trustee ; but
that was not deemed sufficient to change the jurisdiction ;
and the demurrer to the bill was allowed, and the decree
was afterwards affirmed in parliament. (3 *Bro. P. C.* 525.)
The bill, in this case, states no special ground for equitable
relief; nor is any discovery sought which requires an answer.

Bill dismissed, with costs.