ALL AMERICAN SECURITIES COMPANY, INC., Respondent, *v.* THE FOUNDATION COMPANY, Appellant.

First Department, February 20, 1925.

**Pleadings** — action for breach of contract — motion by defendant for judgment on pleadings — bill of particulars by plaintiff governs where there is variance between it and complaint — complaint alleged agreement by defendant to loan money on procuring by plaintiff of option for stock — no allegation of performance by plaintiff — no recovery for breach of agreement to loan money in absence of special damages — complaint is insufficient.

In an action to recover damages for the breach of an alleged agreement by defendant to loan money to the plaintiff in consideration of the plaintiff procuring a binding option for the purchase of certain shares of stock, the bill of particulars furnished by the plaintiff controls where there is a variance between the allegations of the complaint and the statements in the bill of particulars.

Accordingly, the complaint in this action read in connection with the bill of particulars does not state a cause of action, since it appears by the bill of particulars that a part of the sum agreed to be loaned was without consideration, and since there is no allegation that the option was ever executed or that the stock was ever furnished or that the option was ever exercised by the defendant.

Furthermore, the breach of an agreement to loan money can lead to no recovery unless special damages are pleaded as well as proven, and the complaint is insufficient in this respect for failure to plead special damages.

APPEAL by the defendant, The Foundation Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of July, 1924, denying defendant's motion, made under rule 112 of the Rules of Civil Practice, for judgment on the pleadings.

*White & Case* [*David Paine* of counsel], for the appellant.

*Edwards, Murphy & Minton* [*W. H. L. Edwards* of counsel], for the respondent.

Dowling, J.:

The complaint herein alleges:

" *Third.* That on or about the 1st day of June, 1923, the plaintiff and the defendant duly entered into a contract wherein and whereby the plaintiff at the special instance and request of the defendant procured for the said defendant a certain valid and binding option for the purchase of a number of shares of the capital stock, Class B, of a corporation known as the American-European Finance Corporation, and in consideration of so procuring said option, the defendant promised and agreed with the plaintiff to pay to the plaintiff the sum of Twelve thousand seven hundred twenty-nine and 7/100 Dollars ($12,729.07)."

The bill of particulars alleges:

" *First.* That the contract between the plaintiff and the defendant referred to in paragraph ' Third ' of the complaint was partly written as appears by Exhibit ' A ' hereto annexed and partly oral. That the substance of that portion thereof which was oral was as follows: An acceptance communicated to the plaintiff by the defendant on or about the 6th day of June, 1923, that it would pay to the plaintiff the sum of Ten thousand seven hundred twenty-nine and 7/100 Dollars ($10,729.07) on or about that date and would pay to it a further sum of Two thousand dollars ($2,000) during the month of July, 1923."

Schedule " A " therein referred to reads as follows:

" We herewith submit option on the Class B stock of the American-European Finance Corporation as agreed upon between us.

" We are prepared to execute this upon your advancing us, not later than June 2nd, $10,729.07, for our expenses up to the end of June, for which we will give you as heretofore our demand note for the same amount."

The complaint, standing alone, sets forth a good cause of action. But on motions of this character it is competent to consider with it the bill of particulars. (*Davison Coal Co.* v. *National Park Bank of New York,* 201 App. Div. 309, 311.) And, reading the two together, where there is a variance, the writing set forth in the bill of particulars as Schedule A must govern. (*Rubin* v. *Siegel,* 188 App. Div. 636, 638.)

We have then this situation: A written proposal by the plaintiff in Schedule A of the bill to execute the option for the stock in return for a loan on a demand note of $10,729.07, the option itself being inclosed and being submitted as in final form. There is then an acceptance of the written instrument, communicated on June 6, 1923, referring to a payment of $10,729.07, the same amount mentioned in the written agreement, and also providing for an

First Department, February, 1925. [Vol. 211

additional payment of $2,000, without any stated consideration whatsoever; for the promise of an additional sum to induce a party to do that which he is already under a legal obligation to perform is without consideration. (See *Weed* v. *Spears*, 193 N. Y. 289.)

There is no allegation that the option was ever executed, or that the stock was ever furnished or that the option was ever exercised by the defendant. An examination of Schedule B shows that the word "accepted," followed by the signature of defendant, amounts to no more than an acceptance of the terms of an option, which it never exercised. (See opinion of Mr. Justice TIERNEY in *Carpenter* v. *Foundation Co.*, 124 Misc. 765; affd. by this court, 211 App. Div. 846.)

Furthermore, the breach of an agreement to loan money can lead to no recovery unless special damage is pleaded as well as proved. Thus Judge PECKHAM said in *Bradford, Eldred & Cuba R. R. Co.* v. *New York, Lake Erie & Western R. R. Co.* (123 N. Y. 316) (at p. 327): " The whole substance of the agreement, so far as the advances are concerned, is that an obligation was assumed by the defendant to advance money enough to make up any deficiency in the net earnings to pay the interest on the bonded indebtedness of the plaintiff company, and that company was placed thereby under an equal obligation to repay to the defendant the amount of such advances upon demand, or in other words, immediately. Such an obligation is not the subject of a decree for a specific performance in equity. If there be any remedy at all, that remedy is at law by a recovery of damages. (*Carter* v. *U. Ins. Co.*, 1 Johns. Ch. 463; *Sichel* v. *Mosenthal*, 30 Beav. 371; *Crampton* v. *V. R. Co.*, L. R. 7 Ch. App. Cas. 562; *Pierce* v. *Plumb*, 74 Ill. 326, 330, 331.)

" Of course in the action at law there must be proof in the case showing in some form and to some extent the amount of the damages that the plaintiff has sustained by the defendant's breach of his agreement. And it is equally plain that it must be a rare case indeed where it can be said that a person has sustained any damages by the refusal of another to advance money, which he has agreed to advance, where the person to whom it is to be advanced is by the agreement under a valid obligation to pay it back immediately. Equity, at all events, never enforces such an agreement, and in a court of law, there must be proof of damages."

And again (at p. 330): " If, however, the action be regarded as one at law, seeking to recover money damages for a violation of the agreement by the defendant, I am of the opinion there is a fatal defect in the plaintiff's case. In the first place, no facts are pleaded showing any damages sustained by the plaintiff company,

consequent upon defendant's alleged violation of the agreement, and in the next place no facts are proved which show that the plaintiff company has, in truth, sustained any damages."

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements to appellant, and the motion granted, with ten dollars costs, but with leave to plaintiff to plead anew, within twenty days, on payment of said costs.

CLARKE, P. J., MERRELL, McAVOY and BURR, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint within twenty days from service of order upon payment of said costs.