Anna Ura Voccia, Respondent, *v.* Pleasure Boat Company, Appellant.

First Department, November 3, 1933.

*William B. Shelton* of counsel [*Jenkins, Dimmick & Finnegan,* attorneys], for the appellant.

*Lester Samuels* of counsel [*Joseph A. Boccia,* attorney], for the respondent.

Merrell, J. Plaintiff brought this action to recover for personal injuries which she alleges she suffered through the negligence of the defendant in operating and maintaining an amusement device at Coney Island, known as the " Whip." Said device consisted of a series of small tub-like cars attached to a cable and propelled around a platform so that the cars were caused to move in an erratic way, furnishing excitement and thrill to those occupying the cars. A sharp question of fact was presented at the trial as to the manner in which the accident which befell the plaintiff occurred. The plaintiff testified that, as she was standing on the platform and about to enter one of the tub-like cars, the cars were started, and that one of them struck her and threw her down, causing her the injuries for which she brought the action. The testimony of the defendant's witnesses was to the effect that the plaintiff was injured by slipping upon a greasy cable upon which she stepped in disobedience to the warnings of defendant's employees operating the device. The verdict of the jury resolved the question of fact in favor of the plaintiff.

The defendant claims that the court erred in permitting the plaintiff to give evidence at variance with the bill of particulars which the plaintiff served upon the defendant in response to the latter's demand, and that the plaintiff's testimony did not tend to prove the alleged negligence specified in the plaintiff's bill of particulars; that the plaintiff in her bill of particulars expressly waived the claim of negligence to which she testified at the trial and upon which a recovery was had. In her complaint the plaintiff alleged that, while lawfully on the premises where the defendant operated this amusement device, and while carefully and prudently walking in said premises, she was caused to fall and seriously injure herself, and that the accident and injuries were caused solely and wholly by the negligence of the defendant in that it failed to keep the said floor clean and in proper repair and free from grease and oil and other lubricant materials, and in. that the defendant did not provide and maintain proper protection in and about the said premises and to keep the said premises under protection at the time of the accident, and causing the said small cars of the said amusement known as the " Whip " to start running before the said plaintiff had an opportunity to board the said car. The defendant moved for a bill of particulars requiring the plaintiff to state: " Specifically what are the acts of negligence which it is alleged resulted in the injuries to plaintiff as set forth in the complaint. * * *

" Whether or not it will be claimed at the time of the alleged accident the cars and more particularly the car in [sic] which the plaintiff claims to have been boarding was in motion or in a stationary position.

" In what manner and to what extent or degree it will be claimed the defendant failed to keep the said floor clean and in proper repair; in what manner and to what extent or degree it will be claimed it failed to keep the floor free from grease, oil and from lubricant materials and in what manner and to what extent or degree it will be claimed it failed to provide and maintain proper protection in and about the specific part of the premises at which the plaintiff will claim she was located at the time of the alleged accident.

" In what manner, to what extent or degree it will be claimed the defendant caused the cars of the specific device mentioned to start running before the plaintiff had an opportunity to board on the certain specific car of the said device and the specific number of and the exact position of the said specific car the plaintiff was about to board in relation to the train of cars with which the said specific car was coupled as a unit."

On May 14, 1930, plaintiff verified her bill of particulars and served the same upon the attorneys for defendant. In response to the defendant's demand as to the specific negligence upon which the plaintiff sought to recover, the plaintiff made the following specifications in her bill of particulars: " That the defendant was negligent in that it failed to maintain the premises wherein the plaintiff fell free and clear from dirt, grease and oil and all encumbrances and that it failed to provide proper passage to the cars attached to the ' Whip,' and failed and neglected to have proper and careful attendants in the operation and maintenance of the said cars known as the ' Whip.'

" The plaintiff claims that she fell over a large quantity of dirt and oil and grease and that the plaintiff fell while in the act of boarding one of the cars on the 15th Street side of the ' Whip.'

" That the plaintiff will not claim that she had partially boarded any of the cars which were part of the ' Whip.'

" That the plaintiff will not claim that the cars were in motion.

" That the defendant was negligent in that it failed to maintain the premises wherein the plaintiff fell free and clear of dirt, grease and oil and all incumbrances and that it failed to provide proper passage to the cars attached to the ' Whip,' and failed and neglected to have proper and careful attendants in the operation and maintenance of the said cars known as the ' Whip,' and that it failed and neglected to remove the accumulated grease and oil and dirt which was on or about and near the car which the plaintiff was about to board.

" That the plaintiff will not claim that she fell while the car was in motion."

It will thus be seen that the plaintiff abandoned any contention that the defendant was negligent in starting the car which the plaintiff was about to enter. Not only that, but the bill of particulars specifically states that the plaintiff would not claim that the cars were in motion, and that she would not claim that she fell while the car was in motion. Plaintiff, in her bill of particulars, bases her entire claim of negligence upon the fact that she fell upon dirt, grease and oil which the defendant had failed and neglected to remove near the car which she was about to board. The negligence assigned by the plaintiff in her verified bill of particulars was completely abandoned by her upon the trial, where she testified that as she was standing in line awaiting her turn to board one of the cars, and that as she proceeded along the side of the platform, and as she placed her hands on the car she was about to enter, the car moved and she fell to the platform.

Such was the only proof of negligence upon which plaintiff recovered at the trial, and was entirely contrary to the alleged negligence set forth in her bill of particulars.

We are of the opinion that the trial court erred in permitting the plaintiff to prove a cause of action at variance with the specifications of negligence contained in her bill of particulars. The plaintiff was bound by her specifications in the bill of particulars. There can be no doubt as to the office of a bill of particulars being to apprise the defendant of what the plaintiff intends to prove at the trial and to restrict the plaintiff's proofs to the matters specified. The law, as stated in *Matthews* v. *Hubbard* (47 N. Y. 428) has, so far as we know, never been questioned. In that case the Court of Appeals wrote: " The office of a bill of particulars is to apprise the defendant of the items which the plaintiff intends to prove upon the trial, and to restrict his proofs to the matters specified * * *.

" If the specifications do not accord with the facts, or if they omit matters essential to the plaintiff's case, the defendants can take advantage of that upon the trial."

In *Harmon* v. *Peats Co.* (243 N. Y. 473), Judge McLaughlin, writing for the Court of Appeals, said: " It serves merely to explain and make definite the allegations set forth in the pleading and thus limits the proof to be offered at the trial."

In *All American Securities Co., Inc.,* v. *Foundation Co.* (211 App. Div. 684), this court, per Dowling, J., said: " And, reading the two together, where there is a variance, the writing set forth in the bill of particulars as Schedule A must govern. (*Rubin* v. *Siegel,* 188 App. Div. 636, 638.) "

Plaintiff's testimony as to the manner in which she received her injuries was received under the objection and exception of defendant's trial counsel. The plaintiff and her witnesses at the trial testified to the same story, that she was thrown down by the moving car which she was about to enter. As showing that the plaintiff abandoned the negligence on the part of the defendant which she specified in the bill of particulars caused her injuries, after having testified that she was thrown down by being struck by the moving car, on cross-examination the following inquiry was put to her: " Q. Dirt, oil and grease had nothing to do with your accident — is that what you say? A. No."

Plaintiff's witness Frances Gallis, who was plaintiff's friend and who had already obtained a seat in the car that plaintiff was about to enter, was asked the following questions: " Q. Did you see any grease there? A. No. Q. Nowheres around was there any grease? A. No. Q. The place was as clean as this court room?

A. I didn't look for grease. Q. You didn't see any, anyhow? A. No, not where I was. Q. Did you see anything like this — 'A large quantity of dirt and oil and grease '— did you see anything like that? A. No."

And, in rebuttal, the plaintiff was asked if she fell on that portion of the platform which was greasy, to which she answered: " *Nothing at all of the kind.*" At the trial the plaintiff made no attempt to amend her bill of particulars, and the action was tried upon the complaint, as amplified by plaintiff's bill of particulars. Proper motions were made at the close of the plaintiff's case and renewed at the close of the evidence to dismiss the complaint on the ground that the plaintiff had failed to establish the cause of action set forth in the complaint, as amended or amplified in the bill of particulars. Defendant's motions were denied, and defendant's trial counsel excepted to such ruling. After the jury returned a verdict in plaintiff's favor, defendant moved to set aside the same on the same grounds, which motion was denied, with an exception to defendant.

We are of the opinion that the plaintiff was erroneously permitted to recover upon a theory foreign to that specified in her bill of particulars, and that the court erred in denying the defendant's motions to dismiss the complaint and to set aside the verdict.

The judgment appealed from should be reversed, with costs, and plaintiff's complaint dismissed, with costs.

FINCH, P. J., MARTIN, O'MALLEY and UNTERMYER, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.