LEON COHEN, Respondent, *v.* JACK ERDLE et al., Doing Business as ALLIED MANUFACTURING Co., Appellants.

Fourth Department, November 18, 1953.

*David O. Boehm* for respondent.

*Bernard M. Pogal* for appellants.

. *Per Curiam.* The complaint, standing alone, sets forth a good cause of action for services rendered by plaintiff-respondent for and on behalf of the defendants-appellants, at their special instance and request. However, considering the bill of particulars, as we must in motions of this character (*All Amer. Sureties Co.* v. *Foundation Co.,* 211 App. Div. 684; *Davison Coal Co.* v. *National Park Bank,* 201 App. Div. 309; *Richardson* v. *Gregory,* 219 App. Div. 211; 4 Carmody-Wait Cyclopedia of N. Y. Practice, § 8, p. 622) we find therein allegations which are contrary to the essential allegations of the complaint, namely, that the services were not rendered at the special instance and request of defendants, but on the contrary were actually performed on behalf of the partnership at a time when plaintiff himself was an active copartner with defendants. With these essential allegations eliminated, the complaint fails to state facts sufficient to constitute a cause of action against these defendants for services rendered.

Moreover, plaintiff, as a copartner with defendants, in the absence of special agreement, is not entitled to remuneration for services rendered, as in this instance, in the partnership business (*Levy* v. *Leavitt,* 257 N. Y. 461; *Paine* v. *Thacher,* 25 Wend. 450; Partnership Law, § 40, subd. 6). Nor, in the absence of a full accounting, a balance struck and an express agreement to pay, may plaintiff maintain this action at law against his copartners for the alleged claim arising out of the partnership business. (*Sasson* v. *Lichtman,* 276 App. Div. 932; *Bankers Trust Co.* v. *Dennis,* 256 App. Div. 495, affd. 282 N. Y. 635; *Arnold* v. *Arnold,* 90 N. Y. 580; 68 C. J. S., Partnership, §§ 108, 109, 112.)

The order appealed from should be reversed and the motion granted. However, in view of the statement contained in the bill of particulars wherein plaintiff asserts that there was an agreement between the parties whereby plaintiff was to relinquish his interest in the partnership in consideration of the

payment of $2,000, he should be granted leave to serve an amended complaint within twenty days after service of copy of the order to be entered herein, upon payment of costs.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

Order reversed on the law, with $10 costs and disbursements and motion granted, with $10 costs, with leave to serve an amended complaint within twenty days after service of a copy of the order herein, with notice of entry thereof, upon payment of costs of the motion and of this appeal.