EMIL KRAEMER, Respondent, v. PHILIP GALLAGHER, Appellant.— In an action for partition, in which the defendant counter-claimed (a) for an accounting of the partnership between him and the plaintiff and (b) for the allowance, upon such accounting, of defendant's claim to indemnity from the partnership for certain moneys paid by him, the defendant appeals, as limited by his briefs and by his written stipulation, from the fourth and fifth decretal paragraphs of an interlocutory judgment of the Supreme Court, Westchester County, entered January 2, 1962 upon the decision of the court, after a nonjury trial before an Official Referee. By its second and third decretal paragraphs, the judgment dismissed the action for partition of the partnership real property but sustained the counterclaim insofar as it sought a partnership accounting. However, by its fourth and fifth decretal paragraphs (the only ones challenged on this appeal), the judgment: (a) dismissed the counterclaim insofar as it sought indemnity for moneys paid by defendant in the defense and settlement of a prior action; and (b) dismissed any cause of action or claim by either partner for legal or other expenses incident to said prior action (*Institute for Motivational Research* v. *Kraemer*, 7 A D 2d 742). Interlocutory judgment, insofar as appealed from, reversed on the law and the facts, with costs; the fourth and fifth decretal paragraphs of the judgment are stricken out; and, in lieu thereof, judgment is directed in favor of the defendant on his counter-

claim to the extent of directing that, upon the partnership accounting, he shall be entitled to be credited with the amount of the moneys paid by him in the defense and settlement of said prior action. Findings of fact which may be inconsistent herewith are reversed and new findings are made as indicated herein. The defendant, pursuant to statute (Partnership Law, § 40, subd. 2), seeks to be credited on a partnership accounting for moneys advanced by him incident to the defense and the settlement of the prior action. That action was based on an agreement which the defendant alone had signed but which he executed for the alleged purpose of furthering the business interests of the then existing partnership between plaintiff and defendant. In the present action the Official Referee has held that defendant's claim for reimbursement was barred by the court's determination in the prior action. In such prior action, while both of the parties here were codefendants, the complaint was dismissed as against Kraemer (the plaintiff here) but sustained as to Gallahger (the defendant here) ; and Gallagher, after an appeal to this court and after this court's decision directing a new trial, ultimately settled the action by the payment of $4,000. In our opinion the dismissal of the complaint as to Kraemer in the prior action signifies only that there the plaintiff corporation failed to establish its right against him as a partner of Gallagher, who had executed the agreement upon which the action had been based. The dismissal does not necessarily carry any implication that, *inter sese,* Gallagher had no rights against Kraemer arising out of their partnership relation. Accordingly, we hold it was error to bar the defendant Gallagher's claim for reimbursement — a claim asserted for the first time in the present action. The rule is that a plea of *res judicata* is not a defense in a subsequent action between parties who, in a prior litigation, were codefendants and not adversaries (*Glaser* v. *Huette,* 256 N. Y. 686; *Grande* v. *Torello,* 12 A D 2d 937). Since the defendant Gallagher's claim for reimbursement is not barred, the question remaining is whether the facts adduced at the trial before the Official Referee support Gallagher's contention that in executing the agreement sued upon in the prior action he was acting for the partnership and within the scope of his authority. The record here amply establishes that in executing the agreement, which turned out unfortunately to be disadvantageous to the partnership, Gallagher was doing no more than what he had been accustomed to do for years, namely: to make any commitment reasonably necessary in his opinion to " expedite " and consummate the sale of the partnership real estate. It is of no avail now for plaintiff to say that Gallagher was mistaken in executing the agreement which the buyer's attorney, as a condition to closing the title, had thrust upon him in the midst of a closing. The consummation of the sale was devoutly desired by Kraemer as well as by Gallagher; the proceeds were immediately divided between them. It also appears, and we find, that Kraemer knew of Gallagher's custom to close titles without engaging a lawyer to assist or advise him; that Kraemer approved of such custom; and that in large measure it was the risk inherent in this long-standing practice which materialized and gave rise to the prior action. For a number of years the plaintiff had received the benefits of this penny-wise thrift. He cannot now be heard to say that he did not consent to an agreement signed by his partner which, on this occasion, proved to be pound-foolish. Ughetta, Acting P. J., Kleinfeld, Hill and Rabin, JJ., concur.