Laura C. Relyea et al., Appellants, et al., Claimants, v State of New York, Respondent. (Claim No. 57973.)

Third Department, November 23, 1977

*Thaler & Thaler (Richard B. Thaler* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General (Douglas L. Manley* and *Ruth Kessler Toch* of counsel), for respondent.

## OPINION OF THE COURT

MAIN, J.

Claimants, Laura C. and Lewis C. Relyea, appellants herein, were the driver and owner, respectively, of an automobile involved in a collision with an automobile operated by one Charles Beardsley on August 25, 1972. The accident occurred at the intersection of State and county roads in the County of Tompkins. Lisa Smirnow, an infant, was a passenger in the Beardsley car and on October 23, 1972 her mother, Arlene Linkoff, commenced an action on behalf of her infant daughter for personal injuries and another on her own derivative cause of action in the Supreme Court of Tompkins County. The appellants, among others, were named as defendants. On October 30, 1973, the appellants, having previously filed notices of intention to file a claim in the Court of Claims,

commenced proceedings in that court by duly filing their claims in which they alleged that they had suffered damages by reason of the State's negligence in failing to properly sign the intersection and in permitting foliage to obscure the view of the intersection. Because of the pending Supreme Court actions, these claims were placed upon the "suspension" calendar of the Court of Claims. Trial of the Supreme Court actions resulted in verdicts against the defendants in favor of Lisa Smirnow in the sum of $34,000 and in favor of Arlene Linkoff in the sum of $7,842.04. Judgments were entered on October 9, 1974 and the Linkoff judgment was paid on January 8, 1975. After Lisa Smirnow filed a notice of appeal[1] from the judgment in her favor upon the ground of inadequacy, the appellants obtained an order pursuant to CPLR 2601 (subd [a]) granting them leave to pay the amount of the Lisa Smirnow judgment into court which they did on January 17, 1975 by delivering an appropriate check to the Tompkins County Treasurer. On September 30, 1975 appellants moved to amend their claim against the State to include an action for indemnification. The Court of Claims, concluding that the claim for indemnity accrued on October 9, 1974, the date of the entry of the judgment, denied the motion on the ground that the cause was time-barred by subdivision 4 of section 10 of the Court of Claims Act which provides for a six-month limitation for the filing of claims.

This appeal ensued and presents three questions for our determination. Does a cause of action for indemnity accrue at the time the judgment is entered or when it is paid? Does a payment into court pursuant to CPLR 2601 (subd [a]) constitute payment of the judgment, and lastly does the pendency of an appeal questioning the adequacy of a judgment which has already been paid into court delay the accrual of an indemnity claim? We approach these questions seriatim.

■■ While there is support for the holding of the trial court that the claim for indemnity arises at the time of the entry of judgment (O'Sullivan v State of New York, 83 Misc 2d 426, 436; Marchese v City of Albany, 81 Misc 2d 166), we have recently held that there was no reason to depart from the well-established rule that the proper accrual date is that date upon which payment is made by the party seeking indemnifi-

---

1. On October 13, 1977, this court denied a motion for permission to late file the appeal without prejudice to renewal upon proper papers.

cation or contribution (see *Bay Ridge Air Rights v State of New York,* 57 AD2d 237, mot to dismiss app den 42 NY2d 1015, and cases and authorities cited therein). Accordingly, the Linkoff claim accrued on January 8, 1975 and, since more than six months had passed on September 30, 1975 when the motion was made to amend the claim to include the cause of action for indemnity, the Court of Claims was without jurisdiction to entertain that claim (Court of Claims Act, § 10, subd 4).

■ ■ Concerning the effect of the payment of the judgment pursuant to CPLR 2601, we conclude that payment in accordance with the direction of the court constitutes the payment of the judgment within the accrual rule stated in *Bay Ridge Air Rights v State of New York (supra).* CPLR 2601 (subd [a]) provides that "[a] party paying money into court * * * is discharged thereby from all further liability to the extent of the money so paid in". In addition, appellants here were entitled to a satisfaction of the judgment to the extent of the payment made (CPLR 5021, subd [a]). Moreover, under the circumstances present here, there is no reason why Ms. Smirnow, through her authorized representative, could not accept the benefits of the judgment and, in so doing, in no manner prejudice or adversely affect the appeal (cf. *Cornell v T. V. Dev. Corp.,* 17 NY2d 69; *Meilak v Atlantic Cement Co.,* 30 AD2d 254). In view of this, it seems clear that, to the extent of the judgment, the appellants were cast in damages just as surely, as fully and as finally as though they had made in hand payment to Ms. Smirnow on January 17, 1975 and, since more than six months had passed before the motion to amend was made, as in the Linkoff matter, the Court of Claims was without jurisdiction to entertain the claim.

■ Lastly, the appeal even if permission to perfect the same is eventually granted by this court, will in no way change, alter or defer the accrual date established by the payment of these judgments. Absent a stay, the pendency of an appeal does not dislodge the force of a judgment.

The order should be affirmed, without costs.

GREENBLOTT, J. P., SWEENEY, MIKOLL and HERLIHY, JJ., concur.

Order affirmed, without costs.