→ also 405 NYS2d 351

JOSEPH SCHULER, Respondent, v JANICE S. BIRNBAUM et al., as Coexecutors of BERNARD P. BIRNBAUM, Deceased, Appellants.

Fourth Department, May 26, 1978

**APPEARANCES OF COUNSEL**

*Wegman, Mayberry, Burgess, Feldstein & Speranza (Richard S. Mayberry* and *Maureen F. Glasheen* of counsel), for appellants.

*Nixon, Hargrave, Devans & Doyle (Sherry S. Kraus* and *William D. Eggers* of counsel), for respondent.

**OPINION OF THE COURT**

SIMONS, J.

In 1964 plaintiff and Robert Hurlbut formed a partnership with defendants' testator with the intention of constructing and operating a nursing home in Corning, New York. Preliminarily, the architectural firm of Corgan & Balestiere was retained by the partnership to prepare nursing home plans for submission to the appropriate State agency together with the partnership's license application. The license was not granted by the State and the partnership was abandoned.

In 1965 Corgan & Balestiere sued plaintiff for services rendered in preparing the plans and the claim was settled in 1975. Mr. Hurlbut approved the settlement and paid his pro rata share of the debt and legal expenses. Decedent did not approve the settlement or reimburse plaintiff and plaintiff commenced this action to recover $2,475.12, representing one third of the settlement and legal expenses. Defendants' answer was a general denial and the affirmative defense of the Statute of Limitations. Thereafter, defendants moved to dismiss the complaint. Special Term denied the motion to dismiss and granted a cross motion by plaintiff for summary judgment. On appeal defendants contend that this action at law prior to an accounting between the partners, is improper and should be dismissed, that the action is time-barred and that questions of fact exist which preclude summary judgment.

Generally, courts will not interfere in internal disputes between members of a partnership, preferring instead that the partners settle their differences among themselves or else dissolve and go out of business settling their affairs at that time by a final and full accounting with all partners joined (see *Lord v Hull,* 178 NY 9, 13). In this way, premature piecemeal judgments between partners which may later require adjustment when all the business of the partnership is reviewed are avoided. Thus, it is the general rule that partners cannot sue each other at law for acts relating to the partnership unless there is an accounting, prior settlement, or adjustment of the partnership affairs *(Lord v Hull, supra; Arnold v Arnold,* 90 NY 580; *Cohen v Erdle,* 282 App Div 569). One exception to this rule permits a partner to maintain an action at law against his copartner when no complex accounting is required or when only one transaction is involved which is fully closed but unadjusted *(Auld v Estridge,* 86 Misc 2d 895, 900, affd 58 AD2d 636, mot for lv to app den 43 NY2d 641; see, also, *Roberts v Astoria Med. Group,* 43 AD2d 138; *McCabe v Queensboro Farm Prods.,* 13 AD2d 674; *Bigelow v McMillim,* 251 App Div 456).

The evidence before the court upon the motion for summary judgment established that the parties had formed a partnership to operate a nursing home, that the partnership was abandoned after it failed to obtain a State license, and that the retention of the architects and filing of the license application was the sole business transacted by the partnership. This was not rebutted by defendants by factual allegations estab-

lishing the need for an accounting, nor did defendants counterclaim for an accounting as they could have. Accordingly, this action at law may be maintained.

Furthermore, we find no question of fact requiring a trial. The evidence established that decedent knew of the architects' claim for services in February, 1965; that he acknowledged that the services had been performed but disputed the value of them; that in 1969 he urged plaintiff to resolve the debt since "we are all in this deal"; and that he was notified of the proposed settlement in 1975 but denied any legal responsibility for it or for plaintiff's legal expenses. Plaintiff's counsel offered to co-operate with decedent and his separate counsel if he chose to intervene in the architects' action, and when this was not done, counsel advised decedent and Hurlbut of the proposed settlement and requested approval. Mr. Hurlbut approved the settlement and the legal fees but decedent did not. On this appeal defendants do not question the amounts involved.

The proof established that payments by plaintiff were incurred in the reasonable operation of the partnership and became a partnership charge for which decedent became pro rata responsible when the partnership assets were insufficient to satisfy plaintiff's claim. Plaintiff is entitled to indemnity for the sums expended to satisfy the architects' claim (Partnership Law, § 40, subd 1; *Kraemer v Gallagher,* 18 AD2d 676).

Finally, the Statute of Limitations plea does not raise a valid defense. The cause of action for indemnity did not accrue until plaintiff made the payment to the architects in 1975 (see *Bay Ridge Air Rights v State of New York,* 44 NY2d 49; *Relyea v State of New York,* 59 AD2d 364; *Musco v Conte,* 22 AD2d 121).

The order and judgment should be affirmed.

MARSH, P. J., DILLON, HANCOCK, JR., and DENMAN, JJ., concur.

Order and judgment unanimously affirmed, with costs.