■ ST. JAMES PLAZA et al., Appellants, v ANTON NOTEY et al., Respondents. — In an action, *inter alia,* for a declaratory judgment, to recover damages for fraud and for an accounting, plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Orgera, J.), dated May 22, 1981, as upon defendants' motion pursuant to CPLR 3211 to dismiss the complaint, granted summary judgment to defendants dismissing plaintiffs' first, second and third causes of action, and dismissed the plaintiffs' remaining five causes of action for failure to state a claim upon which relief could be founded. Judgment modified, on the law, (1) by deleting the second decretal paragraph thereof and substituting therefor, a provision granting dismissal of the plaintiffs' fifth cause of action for failure to state a cause of action, and (2) by adding thereto a provision severing the first, second, third and fifth causes of action from the remaining causes of action. As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements. Defendants' time to answer plaintiffs' fourth, sixth, seventh and eighth causes of action is extended until 20 days after service upon them of a copy of the order to be made hereon, with notice of entry. Plaintiff St. James Plaza is a partnership which operates a health care facility for the treatment of the sick and disabled. Plaintiff S.H.R.F. Realty Corp. is a domestic corporation which owns the land upon which the facility was constructed and the building in which the partnership operates. Investors in the health care facility obtained an equal percentage in both S.H.R.F. Realty Corp., and the St. James Plaza partnership. Defendants organized both the partnership and the corporation. Plaintiffs commenced this action to, *inter alia,* recover from the defendants certain moneys and shares of stock which they allege were improperly obtained by the latter. Defendants moved pursuant to CPLR 3211 to dismiss the complaint. Special Term notified the parties that the motion would be treated as one for summary judgment pursuant to CPLR 3211 (subd [c]) and thereafter it granted summary judgment to defendant on the first three causes of action and dismissed the remaining causes of action for failure to state a claim upon which relief could be founded. Although Special Term properly granted defendants summary judgment on the first three causes of action, it erred in concluding that the defendants could not be liable to the corporation for profits received from the initial organizational efforts. While the defendants were the only shareholders of the corporation at the time of the transaction, from the inception of the corporation they intended to issue stock to outside investors. Thus, defendants were obligated to make full disclosure of material information to such investors (see *Northridge Coop. Section No. 1 v 32nd Ave. Constr. Corp.,* 2 NY2d 514). This requirement was satisfied since the pertinent agreements clearly informed investors that defendants were to retain a 50% interest in the corporation in exchange for obtaining the land upon which the proposed facility was to be constructed. Consequently, summary judgment was properly granted as to the first three causes of action. Plaintiffs' fourth cause of action seeks a declaratory judgment terminating the partnership interest of

the three defendants, and fixing appropriate compensation to be paid for their interest in accordance with the buy-out provisions of the partnership agreement. The partnership agreement provides that the partnership shall terminate the interest of any partner convicted of a crime. Each of the defendants was convicted of a crime. Special Term dismissed this cause of action stating "[i]t is well-established that an action at law may not be maintained by one partner against another for any claim arising from the partnership, until there has been a full accounting, a balance struck and an express agreement to pay (*Sasson v Lichtman,* 276 App. Div. 932 and cases cited therein)". The foregoing rule is inapplicable to this cause of action which seeks declaratory relief. Declaratory judgment is a creature of statute which was unknown to the common law (see *Lowe v Lowe,* 265 NY 197; *Watts v Barker,* 200 App Div 916). Since the fourth cause of action does not constitute an action at law, there is no need for a final accounting before such relief may be granted (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3001:1, p 355). Furthermore, even if this were an action at law, plaintiffs would have stated a valid cause of action. Adoption of the general rule cited by Special Term was occasioned by the judicial desire to avoid entering into the day-to-day management of the partnership and to avoid piecemeal adjustments of the amount due each partner (see *Lord v Hull,* 178 NY 9, 14; *Schuler v Birnbaum,* 62 AD2d 461). However, there is an exception to this rule when its underlying purpose will not be served: "[A]n individual partner may vindicate a specific wrong perpetrated against him when the wrong alleged involves a partnership transaction but can be determined without an examination of the partnership accounts" (*Roberts v Astoria Med. Group,* 43 AD2d 138, 139). In the instant case, plaintiffs seek to enforce a provision of the partnership agreement which will not necessitate an examination of the partnership accounts. According to the agreement the court need only determine the "book value" of defendants' interest as of the first day of the year in which the convictions occurred. This value may be determined by use of the partnership's annual financial statement. The fifth cause of action is derivative in nature and is dependent upon the continued viability of the first three causes of action. Since summary judgment was properly granted as to these three causes of action, the fifth cause of action was properly dismissed. In their sixth cause of action plaintiffs seek damages for the alleged improper receipt of kickbacks from vendors doing business with St. James Plaza. Plaintiffs' seventh cause of action realleges this claim and seeks an accounting to determine the actual losses sustained. Special Term erred in dismissing the sixth cause of action. Although it is an action at law, it may be maintained since it involves a claim which is "fully closed but unadjusted" (*Schuler v Birnbaum, supra,* p 463). The illegalities of which plaintiffs complain occurred during a fixed period; they are not subject to change at this time. Thus there is no danger of "premature piecemeal judgments between partners which may later require adjustment when all the business of the partnership is reviewed" (*Schuler v Birnbaum, supra,* p 463). There is ample evidence in the record to establish that defendants were engaged in illegal conduct in connection with their operation of the health care facility. Despite this fact, Special Term dismissed the seventh cause of action, reasoning that an action for an accounting cannot be maintained where the partnership has not been terminated. This conclusion is erroneous. "A court of equity will entertain an action for an accounting where it is necessary so to do even though a dissolution is not asked for" (*Bailly v Betti,* 241 NY 22, 27; see Partnership Law, §§ 43, 44; *Pace v Perk,* 81 AD2d 444, 453). Special Term therefore erred in dismissing the seventh cause of action. Plaintiffs' eighth cause of action seeks, *inter alia,* reimbursement from defendants Anton and Thomas Notey for salaries received from the partnership

between 1973 and 1978, the period during which the alleged illegalities occurred. Plaintiffs claimed that since the named defendants breached their respective fiduciary duties, the plaintiff partnership is entitled to recover the salaries they received during the period of disloyalty. This cause of action should not have been dismissed since the record on appeal supports the claim of disloyalty, and an employee may forfeit his right to compensation for services rendered by him during such periods of disloyalty (*Lamdin v Broadway Surface Adv. Corp.*, 272 NY 133, 139; *Defler Corp. v Kleeman*, 19 AD2d 396, affd 19 NY2d 694). Although we have sustained plaintiffs' fourth, sixth and eighth causes of action, we do not pass upon the viability of plaintiffs' demand for exemplary damages thereunder. Gulotta, J. P., O'Connor, Bracken and Brown, JJ., concur.