■ WINTHROP R. MUNYAN, Appellant, v CURTIS, MALLET-PREVOST, COLT & MOSLE, Respondent. — Order of the Supreme Court, New York County (Louis Grossman, J.), entered July 15, 1983, which denied plaintiff's motion for partial summary judgment unanimously modified, on the law, to the extent only of granting the parties an interlocutory decree of accounting and directing that the Supreme Court proceed to take and state the account between them, without costs. Defendant is one of New York City's large and prestigious law firms. Plaintiff, a partner with a fixed percentage interest in defendant, withdrew from the firm after 30 years' association with it. The withdrawal, which took place after two years of increasing friction between plaintiff and his fellow partners, became effective on December 31, 1979. The origin of the dispute between the parties centers about defendant's claim that plaintiff incurred excessive expenses for travel and entertainment while traveling abroad on defendant's business, taking his wife with him on some of these trips and charging her expenses to the firm. Rules promulgated by defendant's executive committee to curb these practices were, allegedly, ignored by plaintiff. Billing practices allegedly utilized by plaintiff exacerbated the problem. It is further contended that plaintiff caused firm clients to make payment of fees to him personally and that as trustee for defendant plaintiff was required to account to defendant for the sums thus collected. The partnership agreement

provides in pertinent part that "In the event of withdrawal by a percentage interest partner under this paragraph (f), the financial arrangements shall be subject to agreement by the withdrawing partner and the firm by action of a majority in interest of the remaining partners". Upon plaintiff's retirement he demanded payment of his capital account as reflected in an internal audit of the defendant's capital assets. Defendant refused to make payment contending that no agreement had been made as to financial arrangements. This suit followed. The complaint contains five causes of action: the first is for conversion of plaintiff's capital account; the second, for punitive damages; the third and fourth for an accounting and the fifth for dissolution of the partnership. The answer, in addition to denials, contains three counterclaims. The first is in conversion for diverting to himself fees due to the firm; the second, for an accounting and the imposition of a trust on fees collected which are the property of the firm; and the third, for failing to bill clients for fees owing to the firm. We deem it inappropriate to decide the issues between the parties piecemeal. Indeed, since the controversy between them flows from the termination of their partnership the proper remedy is not an action at law but an accounting in which all claims between the parties will be determined and an appropriate judgment entered (*Lord v Hull,* 178 NY 9; *Arnold v Arnold,* 90 NY 580; *Schuler v Birnbaum,* 62 AD2d 461; *Cohen v Erdle,* 282 App Div 569). Since, of necessity, a trial is required, we expressly refrain from determining whether the provision dealing with the manner in which financial arrangements with the withdrawing partner are to be reached, is as contended by plaintiff, merely an agreement to agree, and thus a nullity or, as contended by defendant, a provision which, by practical construction of the parties, has been given a specific and definite meaning. Testimony to be given at the trial may throw substantial light on the circumstances in which the provision was adopted and the meaning given to it on the withdrawal of partners in the past. In the circumstances it would be inappropriate for us to interpret the language in a vacuum. Concur — Sullivan, J. P., Asch, Silverman, Bloom and Kassal, JJ.