■ HOWARD REICH et al., Respondents, v "JOHN" PRAGER, Defendant, and BETH ISRAEL MEDICAL CENTER, Appellant. — Judgment, Supreme Court, New York County (John Lawton, J.), entered August 30, 1983, awarding plaintiff Howard Reich $250,000, and his wife, plaintiff Bella Reich, $25,000 for loss of consortium, against defendant hospital Beth Israel Medical Center in this medical malpractice action, unanimously reversed, on the law, without costs or disbursements, and a new trial ordered after service by plaintiffs of an amended bill of particulars, production by them of all reports, records and X rays of Dr. Eviatar, and an opportunity for a further physical examination by defendant hospital of plaintiff Howard Reich.

In their bill of particulars and supplemental bill of particulars, plaintiffs' only claim of malpractice was a failure to diagnose a skull fracture. At the trial, without prior notice to defendant hospital, plaintiffs were permitted to change completely their theory of liability. They called Dr. Eviatar, who was permitted to testify that plaintiff husband had not suffered a skull fracture but had sustained a tear in the window of his inner ear culminating in a total loss of hearing. We find the admission of this evidence reversible error.

This new theory of liability was not simply beyond the scope of the bill of particulars, it actually contradicted it. This alone necessitates reversal (*Voccia v Pleasure Boat Co.,* 239 App Div 165, affd 264 NY 656). In their brief, "Plaintiff [*sic*] concedes, for the purposes of this appeal, that if defendant had requested an authorization to inspect or obtain the medical report and/or office records of Dr. Eviatar case law would have mandated plaintiff to have supplied such authorization". The record shows: that prior to the trial defendant hospital had demanded authorizations for all physicians' records; that, when this was ignored for a year, the hospital obtained an order for production; that Dr. Eviatar's records were not produced; that, when plaintiff Howard Reich revealed at his deposition that he had seen a Dr. Eviatar — plaintiff claims he was treated by the doctor, the doctor claims he only examined plaintiff for the purpose of testifying — the hospital demanded X-ray authorization; that the demand was ignored. The X rays were not even produced at the trial.

We find also that defendant's objection to Dr. Eviatar's testimony was sufficiently broad to preserve the point for appeal. Concur — Ross, J. P., Carro, Fein, Lynch and Kassal, JJ.