■ JOHN Q. McQUILLAN, Respondent-Appellant, v KENYON & KENYON et al., Appellants-Respondents. [705 NYS2d 671] —In an action, *inter alia*, for an accounting, the defendants appeal from (1) an order of the Supreme Court, Westchester County (Cowhey, J.), entered June 26, 1998, which denied the motion of the defendant Charles R. Brainard for summary judgment dismissing the first and second causes of action alleging defamation, and the motion of all the defendants for summary judgment dismissing the seventh cause of action alleging tortious interference with business relationships, (2) so much of a judgment of the same court (Bellantoni, J.), dated August 17, 1998, as, after a nonjury trial on the cause of action for an accounting, awarded the plaintiff the sum of $10,625 as his proportionate share of the value of the right of first refusal in the defendants' office lease, and the plaintiff (1) cross-appeals from stated portions of the judgment which, *inter alia*, adjudged that the accounting was correct, except concerning the value of the right of first refusal in the defendants' office lease, and awarded him only $10,625 as his proportionate share of the value of that right, and (2) appeals from an order of the same court (Cowhey, J.), entered December 22, 1998, which, *inter alia*, denied his motion to reinstate the sixth cause of action alleging conversion and the eighth and ninth causes of action alleging breach of a fiduciary duty.

Ordered that the appeal by all the defendants other than Charles R. Brainard from so much of the order entered June 26, 1998, as denied his motion is dismissed, as those defendants are not aggrieved by that part of the order (*see,* CPLR 5511); and it is further,

Ordered that the order entered June 26, 1998, is reversed, on the law, the motions are granted, and the first, second, and seventh causes of action are dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, and the cause of action to recover damages based on the value, if any, of the plaintiff's proportionate share of the right of first refusal in the office lease is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as cross-appealed from; and it is further,

Ordered that the order entered December 22, 1998, is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiff, John Q. McQuillan, a partner in the law firm of Kenyon & Kenyon (hereinafter the law firm) for 23 years, commenced a defamation action against Charles R. Brainard, a

former partner of the law firm, based upon an internal memorandum which described their disagreement about a potential conflict of interest between two clients. Shortly thereafter, the plaintiff commenced a second action against the law firm and seven individual partners seeking, *inter alia*, an accounting, a judicial dissolution, and damages for tortious interference with business relationships. Following a prior appeal concerning the plaintiff's wrongful dissolution claim (*see, McQuillan v Kenyon & Kenyon,* 220 AD2d 395, 396), the defamation and accounting actions were consolidated.

The Supreme Court erred in denying Brainard's motion for summary judgment on the defamation causes of action, as the challenged statements, when read in the context of the entire memorandum and the surrounding circumstances, constituted nonactionable expressions of the author's opinion, and were not defamatory (*see, Steinhilber v Alphonse,* 68 NY2d 283; *Goldberg v Coldwell Banker,* 159 AD2d 684). Additionally, the challenged statements were subject to a qualified privilege which protects communications between persons with a common interest in the same subject matter (*see, Foster v Churchill,* 87 NY2d 744, 753; *Hollander v Cayton,* 145 AD2d 605), and there was no demonstration of constitutional or common-law malice sufficient to overcome the qualified privilege (*see, Foster v Churchill, supra; Thanasoulis v National Assn. for Specialty Foods Trade,* 226 AD2d 227; *Hollander v Cayton, supra*).

The defendants were entitled to summary judgment on the claim of tortious interference with business relationships, as the plaintiff failed to demonstrate that the interference occurred either with the sole purpose of harming him or by means that were unlawful or improper, and the conclusory allegations that the defendants acted maliciously and in bad faith were insufficient to defeat the motion (*see, 71 Pierrepont Assocs. v 71 Pierrepont Corp.,* 243 AD2d 625; *Nassau Diagnostic Imaging & Radiation Oncology Assocs. v Winthrop-Univ. Hosp.,* 197 AD2d 563).

The Supreme Court properly determined, with respect to the accounting claims, that the law firm's goodwill was not a distributable asset (*see, Dawson v White & Case,* 88 NY2d 666), and that the plaintiff received his fair share of the law firm's tangible assets, accounts receivable, and work-in-progress. Nonetheless, the award of $10,625 to the plaintiff for his proportionate share of the right of first refusal in the law firm's office lease is not supported by evidence at trial that in prior years the value of the lease had been excluded from both the

capital contributions made by incoming partners and the distributions made to outgoing partners.

There is no merit to the plaintiff's remaining arguments seeking the reinstatement of his sixth cause of action alleging conversion, and his eighth and ninth causes of action alleging breach of fiduciary duty. Mangano, P. J., Bracken, Luciano and Smith, JJ., concur.