■ Mark Seiden, Respondent, v Gogick, Seiden, Byrne & O'Neill, L. L. P., et al., Appellants, et al., Defendants. [718 NYS2d 188] —In an action, *inter alia,* for an accounting, the defendants-counterclaim plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Scarpino, J.), entered January 4, 2000, as granted that branch of the plaintiff's motion which was to require them to post an undertaking to secure the plaintiff's interest in the defendant-counterclaim plaintiff Gogick, Seiden, Byrne & O'Neill, L. L. P.

an action, *inter alia*, for an accounting, the defendants-counterclaim plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), entered March 31, 2000, as granted those branches of the motion of the plaintiff and the counterclaim defendants which were to dismiss the first, third, fourth, eighth, and ninth counterclaims and to quash discovery subpoenas served on nonparties.

Ordered that the order is reversed insofar as appealed from, with costs, and those branches of the motion are denied.

The plaintiff is a former partner of the defendant counterclaim plaintiff law firm, Gogick, Seiden, Byrne & O'Neill, L. L. P. (hereinafter the law firm). He commenced this action against the law firm and the individual defendants-counterclaim plaintiffs, who are his former partners in the law firm, seeking, *inter alia*, an accounting. In their answer, the defendants-counterclaim plaintiffs, among other things, denied the material allegations of the complaint and interposed various counterclaims against the plaintiff and the plaintiff's new law firm, the counterclaim defendant Milber, Makris, Plousadis & Seiden, L. L. P. (hereinafter MMPS), and the individual partners thereof. Thereafter, the plaintiff and the counterclaim defendants moved for partial summary judgment on the plaintiff's claim for an accounting, to dismiss the counterclaims, and to quash subpoenas served by the defendants-counterclaim plaintiffs on various nonparties. The Supreme Court, *inter alia*, denied the motion for partial summary judgment, dismissed the first, third, fourth, eighth, and ninth counterclaims, and quashed the subpoenas. We reverse the order insofar as appealed from.

The first, third, fourth, eighth, and ninth counterclaims allege, *inter alia*, that the plaintiff, with the knowledge and assistance of MMPS, breached his fiduciary duties to the law firm, and that the plaintiff and/or MMPS collected and retained or waived various moneys owed to the law firm for services rendered. The Supreme Court dismissed those counterclaims as premature, without prejudice to the defendants-counterclaim plaintiffs to interpose the claims in a separate action after the accounting, if an accounting was found to be warranted (*see, 1056 Sherman Ave. Assocs. v Guyco Constr. Corp.*, 261 AD2d 519; *Giblin v Anesthesiology Assocs.*, 171 AD2d 839). However, the interests of judicial economy, and the desire to avoid entering into the day-to-day management of a partnership and calculating the piecemeal adjustments of the amount due each partner (*see, Lord v Hull*, 178 NY 9; *St. James Plaza v Notey*, 95 AD2d 804, 805; *see, Schuler v Birnbaum*, 62 AD2d 461), will

best be served by resolution of all of the issues raised in this litigation in a single action (*see, McQuillan v Kenyon & Kenyon,* 271 AD2d 511, *lv denied* 95 NY2d 897; *Hausner v Mendelow,* 198 AD2d 210; *Vinlis Constr. Co. v Roreck,* 23 AD2d 895; *see also, Giblin v Anesthesiology Assocs., supra; Munyan v Curtis, Mallet-Prevost, Colt & Mosle,* 99 AD2d 716; *St. James Plaza v Notey, supra*). Here, the law partnership at issue is at an end, and all of the claims and counterclaims alleged between the partners have accrued. Thus, any determination by the Supreme Court in this matter will neither involve interference with the day-to-day management of the partnership nor result in a piecemeal adjustment of the amounts, if any, owed by one party to any other. To the contrary, a single action, with the appropriate ordering and directing of the sequence of the action, will prevent such piecemeal adjustments (*see, Vinlis Constr. Co. v Roreck, supra*; CPLR 603). For example, if it is determined that the plaintiff is entitled to an accounting, the amount, if any, found to be due to the plaintiff may be offset by the damages, if any, awarded the defendants-counterclaim plaintiffs on their counterclaims. Further, several of the items of damages alleged by the defendants-counterclaim plaintiffs implicate scrutiny of the books and records of the law firm and might be addressed during an accounting. If it is determined that the plaintiff is not entitled to an accounting, the counterclaims may be severed and proceed accordingly. Therefore, the first, third, fourth, eighth, and ninth counterclaims should not have been dismissed.

Consequently, the quashed subpoenas should be reinstated. The Supreme Court quashed subpoenas served on nonparties on the ground that the information sought pursuant thereto was relevant only to the counterclaims it dismissed. We are reinstating the counterclaims, and there appears to be no basis for quashing the subpoenas. Although the plaintiff argued that the subpoenas were burdensome and intended only to harass clients of MMPS, he did not rebut the defendants-counterclaim plaintiffs' assertions that none of the subpoenaed parties had joined in the motion to quash, that several of the parties subpoenaed had already called to schedule depositions without objection, and that eight of the nonparties were clients of the law firm. Ritter, J. P., S. Miller, Goldstein and Smith, JJ., concur.