Alam v Ahmad (2021 NY Slip Op 00104)





Alam v Ahmad


2021 NY Slip Op 00104


Decided on January 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 12, 2021

Before: Renwick, J.P., Kern, Mazzarelli, Kennedy, Shulman, JJ. 


Index No. 653651/18 Appeal No. 12825-12826 Case No. 2020-03658, 2020-03059 

[*1]Navid Alam et al., Plaintiffs-Respondents,
v
Kabir Ahmad et al., Defendants-Appellants, Mujtaba Mohamed Jaffer et al., Defendants.
IFG General Partner Ltd., et al., Third-Party Plaintiffs,
v
Abdul Sultan Lalani et al., Third-Party Defendants.


Wollmuth Maher & Deutsch LLP, New York (Michael C. Ledley of counsel), for appellants.
Protass Law PLLC, New York (Harlan Protass and Thomas D. Warren of the bar of the State of California and State of Ohio, admitted pro hac vice, of counsel), for respondents.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered September 24, 2019, which, to the extent appealed from as limited by the briefs, denied defendants IFG Fund, L.P., IFG General Partner Ltd., Kabir Capital LLC, and Kabir Ahmad's motion to compel arbitration, unanimously affirmed, with costs. Order, same court and Justice, entered on or about August 18, 2020, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the first, second, and third causes of action in the second amended complaint, unanimously affirmed, with costs.
As the arbitration provisions at issue do not clearly and unequivocally provide that questions about the scope of the arbitration provisions are for the arbitration panel to determine, the threshold question, whether the dispute is encompassed within an agreement to arbitrate, is a question for the courts (CPLR 7503[b]; Matter of Smith Barney, Harris Upham & Co. v Luckie, 85 NY2d 193, 201-202 [1995], cert denied 516 US 811 [1995]; Henry Schein, Inc. v Archer & White Sales, Inc., __ US __, __, 139 S Ct 524, 530 [2019]; Life Receivables Trust v Goshawk Syndicate 102 at Lloyd's, 66 AD3d 495, 495-496 [1st Dept 2009], affd 14 NY3d 850 [2010], cert denied 562 US 962 [2010]).
Even assuming, arguendo, that the dispute between the parties arises out of or in connection with the share sale agreements, plaintiffs are not bound by the arbitration provisions contained in the agreements because they are not signatories to the agreements (see Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d 626, 630 [2013]). Although there is a dispute as to whether plaintiff Alam signed the agreements, there is no dispute that he would have signed it in his representative capacity on behalf of the IFG Fund (Matter of Kummerfeld [Sakai], 186 AD2d 90 [1st Dept 1992], lv dismissed and denied 82 NY2d 682 [1993]).
Defendants' direct benefits theory of estoppel does not apply here to bind plaintiffs to the arbitration provisions. There is no evidence that plaintiffs knowingly exploited the benefits of the share sale agreements or that they received benefits flowing directly from them (see Matter of Belzberg, 21 NY3dat 631). To the contrary, any benefits plaintiffs may receive as a result of the execution of the share sale agreements will come pursuant to the partnership agreement. Accordingly, defendants' motion to compel arbitration was properly denied.
The motion court also properly denied defendants' motion to dismiss the first, second, and third causes of action. Although generally, as defendants contend, one partner may not maintain an action against another until there has been a full accounting (Simons v Doyle, 262 AD2d 236 [1st Dept 1999], lv dismissed 94 NY2d 899 [2000]), the requirement of an accounting is a judicial, not a statutory rule, and "was meant to expedite the total settlement of disputes, not hinder them" (Auld v Estridge, 86 Misc 2d 895, 901 [Sup Ct, Nassau County [*2]1976], affd 58 AD2d 636 [2d Dept 1977], lv denied 43 NY2d 641 [1977]). Moreover, it exists to prevent courts from intruding on daily operations of the partnership and to avoid piecemeal adjudications (Schuler v Birnbaum, 62 AD2d 461, 463 [4th Dept 1978]). Under the circumstances of this case, the motion court properly concluded that the first three claims in the second amended complaint should proceed in the interest of judicial economy (see Seiden v Gogick, Seiden, Byrne & O'Neill, 278 AD2d 302, 303-304 [2d Dept 2000]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2021