■ HERBERT GALLIN, Respondent, v DANIEL R. PINELLO, Appellant. — In an action to recover damages for abuse of process, malicious prosecution and prima facie tort, defendant appeals from (1) so much of an order of the Supreme Court, Westchester County (Buell, J.), entered July 14, 1983, as denied those branches of his motion as sought dismissal of plaintiff's causes of action for malicious prosecution and prima facie tort; (2) so much of an order of the same court (Walsh, J.), entered October 14, 1983, as denied defendant's motion to compel a further answer to his first interrogatory; and (3) an order of the same court (Donovan, J.), entered November 17, 1983, which, inter alia, granted plaintiff's motion for leave to amend his complaint so as to properly allege a cause of action for abuse of process.

Order entered July 14, 1983, modified, on the law, by granting that branch of defendant's motion which sought dismissal of plaintiff's cause of action for prima facie tort. As so modified, order affirmed, insofar as appealed from, without costs or disbursements.

Order entered October 14, 1983, affirmed, insofar as appealed from, without costs or disbursements.

Order entered November 17, 1983, affirmed, without costs or disbursements.

Upon review of the record we find that plaintiff properly stated a cause of action for malicious prosecution (*see, Molinoff v Sassower,* 99 AD2d 528; *Ellman v McCarty,* 70 AD2d 150). We further find that, upon amendment of his complaint, plaintiff properly stated a cause of action for abuse of process (*see, Board of Educ. v Farmingdale Classroom Teachers Assn.,* 38 NY2d 397). However, retaliatory lawsuits to recover damages for prima facie tort predicated on the malicious institution of a prior civil action are not allowed in New York courts (*Curiano v Suozzi,* 63 NY2d 113, 118). Therefore, plaintiff may not plead prima facie tort as an alternative pleading to his causes of action for malicious prosecution and abuse of process and that cause of action is dismissed (*Curiano v Suozzi, supra,* pp 118-119).

We have considered defendant's other contentions and find them to be lacking in merit. Lazer, J. P., Thompson, Bracken and Eiber, JJ., concur.