■ JAY MARKS, Respondent, v DIANE MARKS, Appellant.—In an action, *inter alia,* to recover damages for abuse of process and prima facie tort, defendant appeals from an order of the Supreme Court, Nassau County (Kelly, J.), dated January 12, 1984, which denied her motion to dismiss the complaint.

Order reversed, on the law, with costs, motion granted, and complaint dismissed.

Plaintiff commenced this action against defendant, his former wife, charging her with commencing a series of frivolous legal proceedings against him following their divorce in 1980, and alleging that these actions constituted abuse of process and prima facie tort. Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. Special Term denied the motion, finding that plaintiff had set forth sufficient factual allegations to establish a cause of action for abuse of process. The court noted that although the complaint did not set forth the necessary allegations regarding special damages, this deficiency in the complaint was cured by plaintiff's affidavit in opposition to the motion. We reverse.

Taking plaintiff's allegations as true, as we must on a motion to dismiss *(Sanders v Winship,* 57 NY2d 391), the complaint fails to state a cause of action for either abuse of process or prima facie tort.

The tort of abuse of process has three essential elements, to wit, regularly issued process either civil or criminal, an intent to do harm without excuse or justification, and use of the process in a perverted manner to obtain a collateral objective *(Curiano v Suozzi,* 63 NY2d 113; *Board of Educ. v Farmingdale Classroom Teachers Assn.,* 38 NY2d 397; *Raved v Raved,* 105 AD2d 735). The gravamen of the tort of abuse of process is the improper use of process after it is issued *(Williams v Williams,* 23 NY2d 592). In the instant case, plaintiff's complaint alleges no such improper use of process, only that the proceedings were brought for an improper purpose, i.e., to harass him and to promote endless litigation. An improper motive in bringing an action does not give rise to a cause of action for abuse of process *(Curiano v Suozzi, supra).* Nor do we find that the complaint states a cause of action for prima facie tort *(Curiano v Suozzi, supra).* Finally, under the circumstances, the plaintiff's claim for counsel fees based upon his obligation to defend these allegedly frivolous proceedings must be dismissed. Mollen, P. J., Lazer, Mangano and Brown, JJ., concur.