■ RONALD PAYNTER, Respondent, v YONA VISHNIA, Appellant. (Action No. 1.) LONG BEACH REALTY CENTER, Respondent, v YONA VISHNIA, Appellant. (Action No. 2.)—In action No. 1 for specific performance of a contract to sell real property, and in action No. 2 to recover damages for nonpayment of a real estate broker's commission, defendant appeals from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), dated November 2, 1984, as denied those branches of her motion which were to dismiss both actions pursuant to CPLR 3211 (a) (1), (5), (7).

Order affirmed, insofar as appealed from, with costs to respondent in action No. 1.

Special Term correctly denied those branches of the defendant seller's motion which sought dismissal on the basis of documentary evidence. No defense was conclusively established by the defendant's submission of the instant contract of sale, because the plaintiffs' opposing papers raised substantial issues of fact regarding bad faith on the seller's part and whether the seller's waiver of the disputed contract time period left the contract in full effect entitling the buyer to specific performance *(see,* 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.06; *Poteralski v Colombe,* 84 AD2d 887, 888; *Van Valkenburgh, Nooger & Neville v Hayden Pub. Co.,* 30 NY2d 34, 45, *cert denied* 409 US 875; *Walsh v Kelly,* 49 NY2d 959).

Nor was defendant entitled to a dismissal based upon an alleged accord and satisfaction in these circumstances (where the return of the buyer's down payment was made by the check of the seller's attorney which was deposited into the buyer's attorney's escrow account and was never personally received by the buyer) which constituted nothing more than the return of the buyer's own property *(Merrill Lynch Realty/Carll Burr, Inc. v Skinner,* 63 NY2d 590). Finally, accepting the allegations of the complaints herein as true, the complaints state good causes of action, particularly if read in light of plaintiffs' submissions on the instant motion *(Rovello v Orofino Realty Co.,* 40 NY2d 633, 635-636). O'Connor, J. P., Rubin, Eiber and Kunzeman, JJ., concur.