■ MORRIS GOLDSMITH, Respondent, v JEAN M. STERNBERG, et al., Appellants.—In an action for contribution to recover various expenses incurred in the winding up of a partnership, the defendants appeal from an order of the Supreme Court, Nassau County (Christ, J.), dated January 9, 1986, which denied their motion, pursuant to CPLR 3211 (a) (7) to dismiss the plaintiff's complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Morris Goldsmith seeks contribution from the defendants, his former copartners in the now defunct Townview Nursing Home. He alleges the expenditure of certain amounts on behalf of the partnership incurred during the pendency of the nursing home's liquidation in bankruptcy in order to satisfy certain recoupment claims made against the nursing home by State Medicaid authorities.

The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7), arguing that plaintiff's complaint failed to state a cause of action in contribution. Specifically, the defendants argued that the complaint failed to allege the completion of a formal partnership accounting, which the defendants claim is a prerequisite to the maintenance of an action at law. Special Term denied the motion, concluding that although ordinarily, a formal accounting would be required, the plaintiff's action fell within an exception to the general rule in that the plaintiff's complaint involved a single transaction which was fully closed, but merely unadjusted (see, e.g., St. James Plaza v Notey, 95 AD2d 804; Schuler v Birnbaum, 62 AD2d 461). We affirm.

It is settled that "[m]odern pleading rules are 'designed to focus attention on whether the pleader has a cause of action rather than on whether he has properly stated one' " (Rovello v Orofino Realty Co., 40 NY2d 633, 636, quoting from 6 Carmody-Wait 2d, NY Prac § 38:19). Moreover, upon a motion to dismiss a pleading for legal insufficiency, "the court must assume that its allegations are true * * * and must deem the complaint to allege whatever can be imputed from its statements by fair and reasonable intendment, however imperfectly, informally or illogically facts may be stated therein" (Pace v Perk, 81 AD2d 444, 449). Further, in determining whether the plaintiff has sufficiently pleaded a cause of action, defects in the complaint may be remedied by affidavits and other documentary evidence submitted by him (see, Paynter v Vishnia, 114 AD2d 404, 405; Datlof v Turetsky, 111 AD2d 364, 365; see also, Credit Alliance Corp. v Andersen & Co., 65 NY2d

536, 541). Our examination of both the complaint and the affidavits submitted in opposition to the defendants' motion reveal allegations which, when assumed to be true, would establish that the partnership's affairs have long been closed with the sole exception being plaintiff's claim for contribution. In light of the foregoing, we conclude that Special Term properly declined to dismiss the complaint (see, Paynter v Vishnia, 114 AD2d 404, 405, supra). Mollen, P. J., Bracken, Brown and Spatt, JJ., concur.