■ IRMINGARD KLEBE, Appellant, v TRI-MUNICIPAL SEWER COMMISSION, Also Known as the TOWN OF POUGHKEEPSIE AND VILLAGE OF WAPPINGERS FALLS TRI-MUNICIPAL SEWER COMMISSION, Respondent, et al., Defendant.—In an action to recover damages, *inter alia,* for nuisance and trespass, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), entered June 7, 1988, as granted the cross motion of the defendant Tri-Municipal Sewer Commission pursuant to CPLR 3211 (a) (7) to the extent of dismissing the plaintiff's second, third and fourth causes of action.

Ordered that the order is reversed insofar as appealed from, with costs, and that branch of the cross motion by the defendant Tri-Municipal Sewer Commission which was to dismiss the plaintiff's second, third, and fourth causes of action is denied.

The defendant Tri-Municipal Sewer Commission (hereinafter Sewer Commission) constructed and operated, together with the defendant Mid-Hudson Pollution Control Inc., a sewage treatment plant adjacent to the plaintiff's residence. Shortly after the plant commenced operations in the spring of 1987, the plaintiff and her family complained that "foul, obnoxious [and] disagreeable" odors were emanating from the plant. The odors were allegedly the result of a decision by the Sewer Commission to situate two large sludge storage tanks outside the physical plant. The plaintiff commenced this action. The complaint contained causes of action premised on the creation of a nuisance, trespass and negligence in the alleged improper design of the sewage facility.

The plaintiff moved for a preliminary injunction "enjoining the defendants from operating the facility in such a manner so as to cause a nuisance" and preserving the status quo by "enjoining the defendants from accepting additional capacity at their sewage treatment facility". In support of her motion, the plaintiff submitted, *inter alia,* a letter written by an engineer retained in the design and construction of the project, in which it was stated that the relocation of the sludge tanks constituted a modification of the original plant design, which had called for inclusion of the sludge storage tanks inside the facility administration building and the exhausting of the entire enclosure through an odor control scrubbing tower. The letter further states that the recommendation to relocate the sludge tanks "automatically negated the odor control specifications", i.e., deleted mechanisms for odor control. The Sewer Commission thereafter cross-moved pursuant to CPLR 3211 (a) (7) for an order, *inter alia,* dismissing portions of the complaint which sought judgment based on the alleged negligence in the design and construction of the sewage plant. The Sewer Commission argued that governmental immunity attached to the "discretionary acts" involved in the design and construction of the facility.

By order entered June 7, 1988, the Supreme Court denied the plaintiff's motion for a preliminary injunction and granted the Sewer Commission's cross motion to the extent that it dismissed the causes of action in the plaintiff's complaint alleging that the defendants had negligently designed the

facility. The court found that the Sewer Commission was entitled to immunity with regard to the allegations premised on negligent design. The plaintiff argues on appeal that the court erred insofar as it granted the cross motion to dismiss those causes of action alleging negligent design of the facility. We agree.

We conclude, initially, that the Sewer Commission is not entitled to absolute immunity with respect to the claims interposed by the plaintiff concerning the alleged negligent design of the facility. The Sewer Commission's adoption or modification of a particular construction design is not a "quasi-judicial" act to which an absolute immunity attaches. Although the Sewer Commission contends that it is absolutely immune from liability for its discretionary acts, "[n]ot all discretionary actions * * * are accorded absolute immunity" *(Arteaga v State of New York,* 72 NY2d 212, 216). The question "[w]hether an action receives only qualified immunity, shielding the government except when there is bad faith or the action taken is without a reasonable basis * * * or absolute immunity, where reasonableness or bad faith is irrelevant * * * requires an analysis of the functions and duties of the particular governmental official or employee whose conduct is in issue" *(Arteaga v State of New York, supra,* at 216; *Tarter v State of New York,* 68 NY2d 511, 518-519). The inquiry centers upon whether the government official has made a decision of a "judicial nature" *(see, Arteaga v State of New York, supra,* at 216). The decision to relocate the sludge tanks outside the physical perimeter of the facility is not a determination of a "judicial nature" to which an absolute immunity would attach. Accordingly, we find that the Sewer Commission may invoke only a qualified immunity from liability. It is well settled that such a qualified immunity may be overcome upon a showing that the governmental action in question was made without adequate study or that it lacks a reasonable basis *(see, Scheemaker v State of New York,* 70 NY2d 985, 986; *Friedman v State of New York,* 67 NY2d 271; *Weiss v Fote,* 7 NY2d 579; *Joyce v State of New York,* 152 AD2d 306).

Having determined that the Sewer Commission has failed to establish its entitlement to absolute immunity, we further conclude that the Supreme Court erred in granting those branches of its cross motion which were to dismiss the second, third and fourth causes of action asserted in the complaint pursuant to CPLR 3211 (a) (7). As the Court of Appeals has observed, "[m]odern pleading rules are 'designed to focus attention on whether the pleader has a cause of action rather

than on whether he has properly stated one' " *(Rovello v Orofino Realty Co.,* 40 NY2d 633, 636, quoting from 6 Carmody-Wait 2d, NY Prac § 38:19). Moreover, upon a motion to dismiss a pleading for legal insufficiency "the court must assume that its allegations are true * * * and must deem the complaint to allege whatever can be imputed from its statements by fair and reasonable intendment, however imperfectly, informally or illogically facts may be stated therein" *(Pace v Perk,* 81 AD2d 444, 449). Further, in determining whether the plaintiff has sufficiently pleaded a cause of action, defects in the complaint may be remedied by affidavits and other documentary evidence submitted *(see, Paynter v Vishnia,* 114 AD2d 404, 405; *Datlof v Turetsky,* 111 AD2d 364, 365; *see also, Credit Alliance Corp. v Andersen & Co.,* 65 NY2d 536, 541).

According both the complaint and the documents submitted in opposition to the motion every reasonable intendment, the plaintiff has sufficiently pleaded three causes of action with respect to the alleged negligent design of the facility, i.e., the plaintiff has set forth allegations that the Sewer Commission acted unreasonably and without adequate study in adopting the design of the facility and relocating the sludge tanks *(cf., Scheemaker v State of New York, supra).* Kunzeman, J. P., Kooper, Sullivan and Miller, JJ., concur.