■ JUDITH TELLER, Appellant, v BILL HAYES, LTD., et al., Respondents.—In an action to recover damages, *inter alia,* for fraud and breach of contract, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), entered September 14, 1989, as granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the first and second causes of action insofar as

they are asserted against Bill Hayes, Ltd., and the first, second, and third causes of action insofar as they are asserted against William J. Hayes individually.

Ordered that the order is modified by deleting the provision thereof which granted that branch of the defendants' motion which was to dismiss the third cause of action insofar as it is asserted against William J. Hayes individually, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff's first and second causes of action, alleging fraud arising out of certain home renovations performed by the defendants, were properly dismissed for reasons stated by the Supreme Court, Suffolk County. We find, however, that the plaintiff's third cause of action alleging a violation of General Business Law § 349, which was dismissed insofar as asserted against the individual defendant but sustained insofar as asserted against the corporate defendant, should be reinstated against the individual defendant William J. Hayes. According the complaint every fair and reasonable intendment, as we must on a motion to dismiss (see, *Klebe v Tri-Municipal Sewer Commn.*, 160 AD2d 677; *Goldsmith v Sternberg*, 125 AD2d 365; *Pace v Perk*, 81 AD2d 444, 449), we find that the third cause of action is sufficient against the defendant Hayes in his individual capacity.

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Kooper, J. P., Lawrence, Harwood and Balletta, JJ., concur.