■ HAROLD GITSEG et al., Respondents, v EDWARD HERBST et al., Appellants. [631 NYS2d 894] —In an action, *inter alia,* to re-

cover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Murphy, J.), dated March 30, 1994, which, *inter alia,* denied that branch of their motion which was for summary judgment dismissing the complaint insofar as it is asserted against Edward Herbst in his individual capacity, and granted the plaintiffs' cross motion for leave to serve an amended complaint and bill of particulars.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as it is asserted against Edward Herbst in his individual capacity and substituting therefor a provision granting that branch of the motion, and by deleting the provision which granted the plaintiffs' cross motion for leave to serve an amended complaint and bill of particulars, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.

The court properly denied the corporate defendants' application for summary judgment as issues of fact clearly exist with regard to those defendants *(see, Gordon v Pellillo,* 184 AD2d 494). The plaintiffs have failed to demonstrate, however, that they possess any viable claims sounding in breach of contract against the individual defendant who was not a party thereto. Nor have the plaintiffs established that the "corporate veil" of the defendant East Broadway Management Corp. should be pierced so as to expose Edward Herbst to personal liability for the alleged breach by the corporate defendants. Therefore, the defendants' motion should have been granted to the extent of dismissing the complaint insofar as it is asserted against Edward Herbst in his individual capacity.

Moreover, the court erred in granting the plaintiffs' cross motion for leave to serve an amended complaint alleging fraud. While leave to amend a complaint should be freely given absent prejudice or surprise *(Corsale v Pantry Pride Supermarket,* 197 AD2d 659), a meritless application should not be granted *(Staines v Nassau Queens Med. Group,* 176 AD2d 718). In this case, while the plaintiffs possess viable claims sounding in breach of contract, they possess no actionable fraud claims *(see, Teller v Bill Hayes, Ltd.,* 172 AD2d 604). Therefore, the cross motion should have been denied. Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.