■ JERRY LIEBERMAN et al., Appellants, v OWEN PATRICK SCULLY et al., Respondents. ALTER & ALTER, Nonparty-Appellant. [709 NYS2d 583] —In an action, *inter alia*, to recover damages for the intentional infliction of emotional distress, (1) the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Nastasi, J.), entered January 20, 1999, as, upon the granting of the defendants' motion made at the close of the plaintiffs' case to dismiss the complaint, and upon an order of the same court, entered December 14, 1998, as amended by an order entered December 21, 1998, directing the plaintiffs to pay costs and sanctions pursuant to 22 NYCRR 130-1.1, and upon the denial of the plaintiffs' motion made at the end of the defendant Owen Patrick Scully's case to dismiss his counterclaim against the plaintiff Elizabeth Lieberman to recover damages for defamation, is in favor of the defendant Owen Patrick Scully and against the plaintiff Elizabeth Lieberman on the counterclaim, is in favor of the defendants and against them dismissing the complaint, and imposed costs and sanctions against them, (2) the plaintiff Elizabeth Lieberman appeals, as limited by her brief, from so much of an order of the same court, entered January 20, 1999, as amended by an order entered February 2,

1999, as denied her motion pursuant to CPLR 4404 (a) and CPLR 5015 to set aside the verdict in favor of the defendant Owen Patrick Scully on his counterclaim and to impose sanctions against him, and (3) the nonparty Alter & Alter appeals (a), as limited by its brief, from so much of the judgment entered January 20, 1999, as imposed sanctions against it pursuant to 22 NYCRR 130-1.1, (b), as limited by its brief, from so much of the order entered January 20, 1999, as amended by the order entered February 2, 1999, as, upon the denial of the motion of the plaintiff Elizabeth Lieberman, *inter alia*, to set aside the verdict in favor of the defendant Owen Patrick Scully on the counterclaim to recover damages for defamation, found that it had engaged in frivolous conduct pursuant to 22 NYCRR 130-1.1 and set the matter down for a hearing on the amount of sanctions, and (c) from an order and judgment (one paper) of the same court, entered April 1, 1999, which imposed costs and sanctions against it pursuant to 22 NYCRR 130-1.1.

Ordered that the appeal by the plaintiffs Jerry Lieberman and Jeannie Lieberman from so much of the judgment entered January 20, 1999, as is in favor of the defendant Owen Patrick Scully and against the plaintiff Elizabeth Lieberman on the counterclaim to recover damages for defamation is dismissed, without costs or disbursements, as they are not aggrieved by that portion of the judgment (*see,* CPLR 5511); and it is further,

Ordered that the appeal by the nonparty Alter & Alter from the order entered January 20, 1999, as amended by the order entered February 2, 1999, is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment entered January 20, 1999, is modified, on the law, by deleting the first, fourth, fifth, and sixth decretal paragraphs thereof; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, the order entered December 14, 1998, as amended by the order entered December 21, 1998, is vacated, the complaint is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for a new trial on the complaint; and it is further,

Ordered that the order entered January 20, 1999, as amended by the order entered February 2, 1999, is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order and judgment entered April 1, 1999, is reversed, on the law, without costs or disbursements, and so much of the order entered January 20, 1999, as amended by

the order entered February 2, 1999, as found that the nonparty-appellant has engaged in frivolous conduct is vacated.

The appeal by the nonparty Alter & Alter from the intermediate order entered January 20, 1999, as amended February 2, 1999, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment entered April 1, 1999, in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiffs commenced this action to recover damages for intentional infliction of emotional distress and defamation based upon a claim of physical and sexual child abuse made against them by the defendant Carole Rumble allegedly at the direction of the defendant Owen Patrick Scully. The report was ultimately determined to be unfounded. At the conclusion of the plaintiffs' direct case, the trial court granted the defendants' respective motions to dismiss the complaint, concluding that Rumble was entitled to immunity pursuant to Social Services Law § 419 and that the observations in her report did not accuse the plaintiffs of misconduct. Based on the dismissal of the causes of action against Rumble, the court dismissed the complaint against Scully as well.

Viewing the evidence in the light most favorable to the plaintiffs and resolving all issues of credibility in their favor (*see, Lipsius v White,* 91 AD2d 271, 276-277), we find that the plaintiffs adduced sufficient evidence from which a jury could rationally find in their favor. The evidence was sufficient to raise questions of fact, *inter alia,* as to whether Rumble was a mandated reporter pursuant to Social Services Law § 413 and, if so, whether the presumption of good faith to which such a reporter is entitled was rebutted (*see,* Social Services Law § 419). Consequently, the court erred in dismissing the complaint.

Further, the conduct of the plaintiffs and their counsel was not frivolous within the meaning of 22 NYCRR 130-1.1 (c) and thus, the imposition of costs and sanctions was not warranted (*see, Matter of Kernisan v Taylor,* 171 AD2d 869).

The plaintiffs' remaining contentions are without merit. Santucci, J. P., Altman, Krausman and Feuerstein, JJ., concur.