█ CHRISTINE MURO-LIGHT, Appellant, v THOMAS F. FARLEY et al., Respondents. [944 NYS2d 571]—

In an action, inter alia, to recover damages for malicious prosecution, the plaintiff appeals from an order of the Supreme Court, Putnam County (Nicolai, J.), dated February 24, 2011, which granted the separate motions of the defendants Thomas F. Farley and Thomas F. Farley, P.C., and the defendant Elizabeth Light pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint insofar as asserted against each of them and to impose sanctions pursuant to 22 NYCRR 130-1.1, and denied her cross motion for leave to amend the complaint.

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof granting those branches of the separate motions of the defendants Thomas F. Farley and Thomas F. Farley, P.C., and the defendant Elizabeth Light which were to dismiss the causes of action alleging malicious prosecution, abuse of process, and prima facie tort pursuant to CPLR 3211 (a) (5) and to impose sanctions upon the plaintiff pursuant to 22 NYCRR 130-1.1, and substituting therefor a provision denying those branches of the motions; as so modified, the order is affirmed, without costs or disbursements.

Contrary to the Supreme Court's determination, the causes of action alleging malicious prosecution, abuse of process, and prima facie tort were timely, having been commenced within one year of the dismissal, on the merits, of the underlying civil lawsuit (*see 347 Cent. Park Assoc., LLC v Pine Top Assoc., LLC*, 83 AD3d 689, 690-691 [2011]; *10 Ellicott Sq. Ct. Corp. v Violet Realty, Inc.*, 81 AD3d 1366, 1368-1369 [2011]; *Campo v Wolosin*, 211 AD2d 660, 660 [1995]; *Village of Val. Stream v Zulli*, 64 AD2d 609, 610 [1978]).

However, the complaint failed to state a cause of action with respect to these allegations and, thus, the Supreme Court properly granted those branches of the defendants' separate motions which were pursuant to CPLR 3211 (a) (7) to dismiss these causes of action. The complaint fails to state a cause of ac-

tion alleging malicious prosecution because, even amplified by the plaintiff's affidavit, it does not allege interference with her person or property (see *Engel v CBS, Inc.*, 93 NY2d 195 [1999]; *Greco v Christoffersen*, 70 AD3d 769, 770 [2010]; *Griffin v Tedaldi*, 228 AD2d 554, 555 [1996]; *Jurow v Brickman House*, 159 AD2d 562, 562-563 [1990]; *Molinoff v Sassower*, 99 AD2d 528 [1984]).

The institution of a civil action by summons and complaint will not give rise to a claim to recover damages for abuse of process, as doing so is not legally considered the type of process capable of being abused (see *Curiano v Suozzi*, 63 NY2d 113, 116 [1984]; *Alexsey v Kelly*, 205 AD2d 649, 650 [1994]; *Sokol v Sofokles*, 136 AD2d 535, 536 [1988]). Further, even accepting the allegations as true, an improper motive in bringing an action alone does not give rise to a cause of action to recover damages for abuse of process (see *Curiano v Suozzi*, 63 NY2d at 117; *Cozzani v County of Suffolk*, 84 AD3d 1147, 1147 [2011]; *Marks v Marks*, 113 AD2d 744, 745 [1985]).

The complaint fails to state a cause of action alleging prima facie tort, as "retaliatory lawsuits to recover damages for prima facie tort predicated on the malicious institution of a prior civil action are not allowed in New York courts" (*Gallin v Pinello*, 108 AD2d 896, 897 [1985], citing *Curiano v Suozzi*, 63 NY2d at 118; see *Quinta Doroteia, Ltd. v Wagner*, 253 AD2d 459, 460 [1998]; *Sokol v Sofokles*, 136 AD2d at 536), and the plaintiff may not plead prima facie tort as an alternative to her malicious prosecution cause of action in order to avoid the stringent pleading requirements of that tort (see *Curiano v Suozzi*, 63 NY2d at 118-119).

The causes of action to recover damages for intentional infliction of emotional distress (see generally *Dixon v City of New York*, 76 AD3d 1043, 1044 [2010]; *Long v Sowande*, 27 AD3d 247, 249 [2006]) and violation of Judiciary Law § 487 (see generally *Jorgensen v Silverman*, 224 AD2d 665, 666 [1996]; *cf. Goicoechea v Law Offs. of Stephen R. Kihl*, 234 AD2d 507 [1996]) are time-barred.

The Supreme Court providently exercised its discretion in denying the plaintiff's cross motion for leave to amend the complaint. In support of her cross motion, the plaintiff failed to submit a proposed amended complaint (see CPLR 3025 [b]). Moreover, the plaintiff's affidavit and other documentary evidence submitted in opposition to the defendants' motion failed to remedy any defects in the complaint (*cf. Davis v CornerStone Tel. Co., LLC*, 61 AD3d 1315, 1317 [2009]; *Klebe v Tri-Municipal Sewer Commn.*, 160 AD2d 677 [1990]).

Pursuant to 22 NYCRR 130-1.1, sanctions may be imposed against a party or the party's attorney for frivolous conduct (*see* 22 NYCRR 130-1.1 [b]). "Conduct during litigation, including on an appeal, is frivolous and subject to sanction and/or the award of costs when it is completely without merit in law or fact and cannot be supported by a reasonable argument for the extension, modification, or reversal of existing law; it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or it asserts material factual statements that are false" (*Mascia v Maresco*, 39 AD3d 504, 505 [2007]; *see* 22 NYCRR 130-1.1). Under the facts of this case, the instant action was not frivolous. Accordingly, the Supreme Court improvidently exercised its discretion in granting those branches of the defendants' motions which were to impose sanctions (*see Lieberman v Scully*, 273 AD2d 279, 281 [2000]; *Joan 2000, Ltd. v Deco Constr. Corp.*, 66 AD3d 841 [2009]).

The plaintiff's remaining contentions are either academic in light of our determination or improperly raised for the first time on appeal. Angiolillo, J.P., Dickerson, Leventhal and Miller, JJ., concur.