■ SYMONE T. et al., Respondents, v HERBERT M. LIEBER et al., Appellants, et al., Defendants. [613 NYS2d 404] —In an action to recover damages for medical malpractice, the defendants Herbert M. Lieber and Ira S. Abramowitz appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Levine, J.), dated September 17, 1991, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On May 25, 1988, when plaintiff Symone T. was 12 years old, she learned that she was pregnant. Although no details are provided, the record further indicates that the pregnancy was the result of a rape. On May 26, 1988, Symone was admitted to Kingsbrook Jewish Medical Center, where the appellant doctors terminated the pregnancy. During or shortly after the procedure, Symone suffered an amniotic fluid embolism which caused neurological damage. This medical malpractice action ensued.

For the purposes of the subject motion, it is undisputed that both the performance of the abortion by the appellants and the submission to the abortion by Symone was illegal because Symone was 24.7 weeks pregnant when the abortion was performed *(see,* Penal Law §§ 125.45, 125.55). The appellants moved for summary judgment dismissing the complaint on the ground that Symone could not recover for injuries sustained during her participation in an illegal act. The Supreme Court denied the motion, concluding, as a matter of law, that Symone could not be deemed to have knowingly and intentionally participated in the illegal abortion. We now affirm the denial of that motion, but for different reasons.

As a matter of public policy, "[a] plaintiff will be precluded

from seeking compensation where his [or her] injuries were a direct result of a serious violation of the law involving hazardous activities which were not justified under the circumstances" *(Barker v Kallash,* 63 NY2d 19, 26). The policy has its roots in the rule that one may not profit from one's own wrongdoing *(see, Riggs v Palmer,* 115 NY 506; *Carr v Hoy,* 2 NY2d 185). While recovery will not be barred in every case where the injury is sustained while engaging in illegal activity, a plaintiff cannot seek compensation for the loss where the injury is a "direct result of his [or her] knowing and intentional participation in a criminal act * * * if the criminal act is judged to be so serious an offense as to warrant denial of recovery" *(Barker v Kallash, supra,* at 25, citing *Reno v D'Javid,* 42 NY2d 1040). Submitting to an illegal abortion has been held to be such a serious offense, so that one cannot recover damages for medical malpractice for injuries sustained as the result *(see, Reno v D'Javid, supra).*

Here, the infant plaintiff will be barred from recovering if she willfully submitted to an abortion which she knew to be illegal *(see, Barker v Kallash, supra; Reno v D'Javid, supra).* The fact that Symone was 12 years old at the time will not preclude application of the general rule barring recovery *(see, Barker v Kallash, supra,* at 27). Because an issue of fact exists in this regard, summary judgment was properly denied *(see,* CPLR 3212 [b]). We cannot agree with the Supreme Court and the concurrence herein that the issue can be resolved in favor of Symone as a matter of law.

In addition, we do not agree that Symone's illegal conduct cannot be considered to have the necessary causal connection to her alleged injuries to warrant dismissal of the action. Assuming that her participation was knowing and willful, the issue of causation has previously been resolved as a matter of law by the Court of Appeals *(see, Reno v D'Javid, supra).* Bracken, J. P., Copertino and Hart, JJ., concur.

Rosenblatt, J., concurs in the result, with the following memorandum: In denying the appellants' motion for summary judgment, the Supreme Court held that the plaintiff child, as a matter of law, does not fall within the rule of *Barker v Kallash* (63 NY2d 19). The Supreme Court concluded that the child, who was the victim of incest and rape, cannot be described as a knowledgeable participant in an act of illegal abortion and is outside the rule that precludes lawbreakers from profiting from wrongdoing.

The majority, in upholding the denial of summary judg-

ment, has, however, disagreed with the Supreme Court in a critical respect, by holding that the infant plaintiff may be barred from recovery if it is determined that she knowingly participated in an illegal abortion. I disagree.

The infant plaintiff was born on February 26, 1976, and at the time of the abortion, on May 26, 1988, she was 12 years and 3 months old. Although there is some question as to whether the procedure was performed within the statutory (24 week) period for a legal abortion, the appealing defendants have contended that if, as the plaintiffs assert, the abortion was performed several days thereafter, the complaint must be dismissed because the plaintiffs knowingly participated in a criminal act.

The Supreme Court found that the derivative action of the plaintiff mother stands on a different footing than that of the infant plaintiff, and deferred the question of the viability of the mother's suit pending discovery.

I agree with the Supreme Court's determination that under the facts of this case the infant plaintiff may not, as a matter of law, be characterized as a knowing participant in an illegal act.

It is one thing to impute to an adult woman the provision of Penal Law § 125.05 (3), by which abortions are illegal after the second trimester *(Reno v D'Javid,* 42 NY2d 1040). It is different, however, to impute any such knowledge to a 12-year-old girl who had been made pregnant by rape, and who had been taken to the hospital by her mother. I would therefore hold, as did the Supreme Court, that any such knowledge may not, as a matter of law, be imputed on a child under these circumstances. In the case before us, the infant plaintiff's involvement in the entire process may be seen only as that of an innocent victim of a heinous sexual crime, whose role thereafter was entirely passive, and whose actions were not the proximate cause of the alleged injuries. I see no comparison between the misfortunes of this infant plaintiff and the conduct of the 15-year-old plaintiff in *Barker v Kallash (supra)* who devised a gunpowder bomb and, injuring himself while he prepared it, was precluded from blaming the nine-year-old child who supplied the firecrackers for the gunpowder. In my view, the majority holding represents an unwarranted extension of the *Barker* case.