■ Louise Campbell et al., Appellants, v Village of Greenwood Lake et al., Respondents. [636 NYS2d 132] —Crew III,

J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Barone, J.), entered May 9, 1994 in Orange County, which granted defendants' motion for summary judgment dismissing the complaint on the ground of res judicata.

The present action has its genesis in a proceeding commenced by defendant Village of Greenwood Lake to demolish certain structures owned by plaintiffs in Orange County. The matter ultimately came on for trial before Supreme Court, and the parties entered into a stipulation in open court whereby plaintiffs agreed to, *inter alia*, file professional engineering plans with the Building Inspector of the Village by May 1, 1990; failure to comply with this provision would result in the termination of the agreement and all buildings not having a building permit or certificate of occupancy would be demolished. Plaintiffs concededly failed to file the plans in accordance with the terms of the stipulation.

Plaintiffs' subsequent motion seeking an order requiring defendants to accept the filing of the plans was denied and, following a transfer of the appeal from the Second Department to this Court, we affirmed (*Matter of Village of Greenwood Lake v Mountain Lake Estates*, 189 AD2d 987, *lv dismissed* 81 NY2d 1006). Plaintiffs then commenced this action seeking, *inter alia*, an order compelling defendants to accept the engineering plans nunc pro tunc or, alternatively, reforming the stipulation so that plaintiffs' original delivery of the plans to the incorrect location would be deemed acceptable. Upon motion by defendants, Supreme Court dismissed the complaint on the ground of res judicata and this appeal by plaintiffs ensued.

We affirm, although for reasons different than those stated by Supreme Court. In our prior decision, we affirmed the denial of plaintiffs' motion to compel the acceptance of the engineering plan on the ground that the parties' stipulation effectively ended their lawsuit (*supra*, at 987). We went on to note, in dictum, that plaintiffs' sole remedy would be to commence a plenary action to either vacate the stipulation or to enforce the stipulation according to plaintiffs' interpretation and, in the event plaintiffs did bring an enforcement action, we would find against them on the merits (*supra*, at 987-988). In examining the subject complaint, it is clear that plaintiffs are not seeking to vacate the stipulation and do not allege grounds that would accomplish this purpose such as fraud, duress, mistake or overreaching (*see, e.g., Brender v Brender*, 199 AD2d 665, 666; *Matter of Rosenhain*, 193 AD2d 903, 904, *lv dismissed* 82 NY2d 820). Instead, it is apparent that plaintiffs are once again seek-

ing to enforce the stipulation according to their own interpretation. Because our opinion that the stipulation was clear and unambiguous has not altered in the interval following the prior appeal (*see, Matter of Village of Greenwood Lake v Mountain Lake Estates*, 189 AD2d 987, 988, *supra*), we conclude that defendants' motion for summary judgment was properly granted.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.