■ COUNTY OF SUFFOLK, Respondent, v ROBERT W. CACCAVALLA, Defendant, and HAMPTON AIR TRANSPORT, INC., et

al., Appellants. [642 NYS2d 942] —In an action for a permanent injunction prohibiting the defendants from operating a so-called "air taxi" service except on certain conditions, the defendants Hampton Air Transport, Inc., and Sky East Services, Inc., appeal from an order of the Supreme Court, Suffolk County (Floyd, J.), dated March 30, 1995, which denied their motion for leave to amend their answer so as to assert certain counterclaims and granted the plaintiff's cross motion for leave to discontinue the action.

Ordered that the order is affirmed, with costs.

The defendant Sky East Services, Inc. (hereinafter Sky East), is a "commercial aeronautical activity" which provides flight support services at the Francis S. Gabreski Airport, also known as the Suffolk County Airport. The defendant Hampton Air Transport, Inc. (hereinafter Hampton), a wholly-owned subsidiary of Sky East, is a licensed air carrier. The plaintiff County of Suffolk operates the airport which is located, in part, on land conveyed to the plaintiff County of Suffolk under a Federal surplus property agreement.

In September 1988, the plaintiff County commenced the present action for permanent injunctive relief, claiming that the defendants were engaged in the sale of airplane fuel "from a truck", and that this practice constituted a violation of their lease obligations. In their answer, the defendants asserted several affirmative defenses, but no counterclaims of any kind.

By order dated March 20, 1989, the Supreme Court, Suffolk County, denied the plaintiff's motion for preliminary injunctive relief. This order also recites that the defendants had agreed to purchase aviation fuel "for use in their fuel truck * * * only from a supplier of such fuel who services a public airport in Suffolk County". This order also stayed the plaintiff's action pending the determination of an administrative proceeding then pending before the Federal Aviation Administration (hereinafter the FAA).

The FAA issued its final order in August 1994. The FAA found, among other things, that the County's refusal to allow the sale of fuel from trucks violated certain provisions of both Federal law and the plaintiff's Federal grant agreements. The FAA's order recites that the plaintiff had agreed not to object to this finding, among others, "in the interests of expediency in view of [its] experience with Sky East's using a refueling trucks [sic] for several years without incident".

Following the issuance of the FAA's order, the defendants Hampton and Sky East moved to amend their answer in this action so as to assert two counterclaims seeking damages in a

total amount of $20,000,000. The plaintiff opposed this application, and made a cross motion for leave to discontinue the action. The Supreme Court denied the motion and granted the cross motion. We affirm, although on a different ground.

As noted above, after the defendants had agreed to abide by certain presumably innocuous conditions, the plaintiff's motion for preliminary injunctive relief was denied in 1988. The papers submitted in support of the appellants' motion for leave to amend contain no convincing statement as to how, under these circumstances, they can claim to have suffered any monetary damages as a result of the plaintiff's action. Even assuming that the appellants suffered economic loss, it has been held that there is no private right of action under the Federal Aviation Act (see, Montauk-Carribean Airways v Hope, 784 F2d 91).

Also, in opposing the motion, the plaintiff's attorney averred that the plaintiff had agreed to the adverse findings before the FAA "assuming that such agreement would not harm the plaintiff in this action". Counsel noted that "this assumption was based upon the defendants' pleadings [i.e., the absence of counterclaims]". Because these assertions are not contradicted by any competent evidence, it is clear that to permit the interposition of counterclaims at this point would be prejudicial to the plaintiff.

We also find that there is no excuse for the failure to include the purported counterclaims in the appellants' original answer. The factual detail of the affirmative defenses is such as to make it clear that the appellants could easily have pleaded their counterclaims at that time. Their failure to do so would have induced any adversary, and as noted above, did in fact induce the plaintiff into reasonably believing that the appellants did not intend to seek affirmative relief (cf., Hager v Hager, 177 AD2d 401).

Considering the dubious merit of the proposed counterclaims, the element of surprise, the prejudice that would inure to the plaintiff, and the other circumstances revealed in the record, we conclude, as an exercise of our own independent discretion, that the appellants' motion for leave to amend should not be granted (see, CPLR 3025; Murray v City of New York, 43 NY2d 400; Gitseg v Herbst, 220 AD2d 380; Moeller v Astor Chocolate Corp., 214 AD2d 548; Del Bourgo v 138 Sidelines Corp., 208 AD2d 795; McPherson v Glenwood Estates, 208 AD2d 699). We recognize that the Supreme Court denied the appellants' motion on a different basis, holding that the counterclaims were barred by the doctrine of claim preclusion. However, it is

axiomatic that this Court may affirm an order which is itself correctly made, even though the rationale relied upon by the Supreme Court may not have been correct (*see, e.g., Campbell v Village of Greenwood Lake,* 222 AD2d 885; *Oistacher v Rosenblatt,* 220 AD2d 493; *Symone T. v Lieber,* 205 AD2d 609).

The Supreme Court correctly granted the plaintiff's cross motion for leave to discontinue the action (*see, Tucker v Tucker,* 55 NY2d 378; *St. James Plaza v Notey,* 166 AD2d 439; *Gansburg v Gansburg,* 124 AD2d 701). O'Brien, J. P., Santucci, Joy and McGinity, JJ., concur.