OPINION OF THE COURT
Arnold N. Price, J.
Defendant Richard Sei-Oung Yoon, M.D., has moved for summary judgment dismissing the complaint against him.
On November 16, 1989, the defendant performed a vasectomy on plaintiff Emanuel Hernandez, who was an associate professor at the City University of New York. The plaintiff was then married to Carmen Vasquez-Tell, from whom he did not separate until 1995. The plaintiff alleges that as a result of the defendant’s malpractice, he impregnated his girlfriend, Jenny Gonzalez, in early 1990 and that she subsequently had an abortion. The plaintiff seeks to recover for, inter alia, psychological injury.
*430 This motion was brought on the premise that the plaintiff should not be permitted to recover for injuries that arose from adultery. "[W]hen the plaintiff has engaged in activities prohibited, as opposed to merely regulated, by law, the courts will not entertain the suit if the plaintiff’s conduct constituted a serious violation of the law and the injuries for which he seeks recovery were the direct result of that violation. In this latter instance recovery is denied, not because the plaintiff contributed to his injury, but because the public policy of this State generally denies judicial relief to those injured in the course of committing a serious criminal act” (Barker v Kallash, 63 NY2d 19, 24). Although adultery is still a crime (see, Penal Law § 255.17), it is a class B misdemeanor and, moreover, it is an offense which the Temporary Commission on Revision of the Penal Law and Criminal Code recommended be deleted from the revised Penal Law. (See, Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 255.17, at 353.) Research has not disclosed any cases which hold adultery to be so serious a crime that recovery is precluded in a civil suit. Cases where recovery has been barred or would be barred because the plaintiff was engaged in criminal activity at the time of injury frequently involve conduct dangerous to physical well-being. (See, e.g., Barker v Kallash, supra [plaintiff injured while constructing a pipe bomb]; Symone T. v Lieber, 205 AD2d 609 [plaintiff allegedly injured by malpractice committed during illegal late-term abortion]; La Page v Smith, 166 AD2d 831 [estate of plaintiff’s decedent who died as a consequence of operating his vehicle in excess of speed limit while intoxicated denied recovery].) By comparison, the adultery committed by plaintiff Hernandez does not rise to the level of a "serious crime”.
Accordingly, the motion is denied.