312 F.3d 90
 T.F.T.F. CAPITAL CORP., Plaintiff-Counter-Defendant-Appellant,
v.
MARCUS DAIRY, INC., Michael Marcus, as Officer, Director and Shareholder of Marcus Dairy, individually, and Agnes Barbiero, Defendants-Counter-Claimants-Appellees,
James E. Sullivan, Fairfield County Deputy Sheriff, individually, and Dominick Barbiero, Defendants-Counter-Claimants.
 Docket No. 01-7549.
 United States Court of Appeals, Second Circuit.
 Argued: June 10, 2002.
 Decided: October 25, 2002.
 
 Neil H. Ruttenberg, Beltsville, MD, (Donald F. Reid, Norwalk, CT, on the brief), for Plaintiff-Counter-Defendant-Appellant.
 David B. Zabel,(Stewart I. Edelstein, on the brief), Cohen and Wolf, P.C., Bridgeport, CT, for Defendants-Counter-Claimants-Appellees Marcus Dairy, Inc. and Michael Marcus.
 Before WALKER, Chief Judge, MINER and CABRANES, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant T.F.T.F. Capital Corporation ("T.F.T.F." or appellant) appeals from the judgment of the United States District Court for the District of Connecticut (Warren W. Eginton, District Judge), granting summary judgment in favor of defendants-appellees Marcus Dairy, Inc. and Michael Marcus (collectively, appellees). See T.F.T.F. Capital Corp. v. Marcus Dairy, Inc., 33 F.Supp.2d 122 (D.Conn. 1998). In this diversity action, appellant's complaint asserted, among other things, Connecticut state law claims of abuse of process, tortious interference with a business expectancy, and fraudulent misrepresentation. The district court found the fraudulent misrepresentation claim to be time barred, and the abuse of process and tortious interference claims to be barred by the Noerr-Pennington doctrine, which generally immunizes from liability a party's commencement of a prior court proceeding. Id. at 126. While we disagree with the district court's reasoning with respect to the abuse of process and tortious interference claims, we nevertheless affirm its judgment on the merits.
 
 BACKGROUND
 
 2
 This case stems from the sale of a business, Naugatuck Dairy Ice Cream Company, Inc. ("Naugatuck"), and a lawsuit brought in state court when the deal unraveled. Dominick Barbiero and appellee Marcus Dairy are the former majority shareholders of Naugatuck and appellee Michael Marcus is the president of Marcus Dairy. Appellant T.F.T.F. is a New York holding company. T.F.T.F.'s president, Henry Thomas, was president of Freedom Foods, Inc., the initial purchaser of Naugatuck, and became president of Naugatuck after the sale.
 
 
 3
 In March 1988, Barbiero, Marcus Dairy (represented by Michael Marcus), and Naugatuck entered into a stock and assets purchase agreement with Freedom Foods for the sale of Naugatuck by Barbiero and Marcus Dairy to Freedom Foods. Pursuant to the agreement, Freedom Foods financed the purchase of Naugatuck's production equipment and inventory by executing two promissory notes in favor of Naugatuck that were assigned to Marcus Dairy. Freedom Foods also agreed to a post-sale inventory price adjustment based on actual value. After the closing, T.F.T.F. purchased the production equipment from Freedom Foods and accepted assignment of the lease agreement for the production equipment.
 
 
 4
 A lawsuit followed, for reasons disputed by the parties. According to appellees, Freedom Foods defaulted on the notes and failed to deliver, as the parties had agreed, an executed note for the inventory price adjustment. In July 1988, Marcus Dairy sued Freedom Foods in Connecticut state court to collect on these obligations (the "Connecticut action"). As pre-judgment remedies, Marcus Dairy obtained, ex parte, the attachment of Freedom Foods's accounts receivable and the production equipment. The Connecticut state court granted Marcus Dairy's motion for a default judgment against Freedom Foods for Freedom Foods's failure to plead.
 
 
 5
 Appellant, on the other hand, denies that Freedom Foods was ever in default and asserts that appellees[1] obtained the pre-judgment remedies as well as the judgment in the Connecticut action through deceit. In appellant's view, appellees brought the Connecticut action in retaliation for Naugatuck's decision to move its business away from Marcus in favor of another supplier. Appellant also asserts that Marcus Dairy, in both its application for the first pre-judgment remedy and in its successful motion for summary judgment, employed deceitful measures to prevent Freedom from responding. By obtaining as a pre-judgment remedy the seizure of Naugatuck's assets and the temporary closure of the plant, appellant further alleges, appellees destroyed Naugatuck's business.
 
 
 6
 In September 1991, appellant commenced this diversity action. As is relevant to this appeal, appellant claimed under Connecticut state law that the Connecticut action constituted an abuse of process and a tortious interference with appellant's expectations of financial gain from the equipment lease with Naugatuck. Appellant further claimed that appellees had made a fraudulent misrepresentation in connection with the sale. In granting appellees' motion for summary judgment, the district court found the abuse of process and tortious interference with business expectancy claims to be barred by the Noerr-Pennington doctrine, and the fraudulent misrepresentation claim to be time barred. T.F.T.F., 33 F.Supp.2d at 126. This appeal followed.
 
 DISCUSSION
 
 7
 We review the district court's grant of summary judgment de novo. Tri-State Employment Servs., Inc. v. Mountbatten Sur. Co., 295 F.3d 256, 260 (2d Cir.2002). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Tri-State Employment, 295 F.3d at 260 (citation and internal quotation marks omitted).
 
 
 8
 On appeal, appellant challenges only the dismissal of its abuse of process and tortious interference with a business expectancy claims under Noerr-Pennington.[2] The Noerr-Pennington doctrine generally immunizes from liability a party's commencement of a prior court proceeding. See Cal. Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 510, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972). There exists, however, an exception to the Noerr Pennington doctrine for "sham" litigation. This exception applies where the litigation is (1) "objectively baseless" and (2) intended to cause harm to the defendant "through the use [of] governmental process — as opposed to the outcome of that process ...." Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., 508 U.S. 49, 60-61, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993) (internal quotations omitted, emphasis in original).
 
 
 9
 Appellant argues that the judgment rendered in the Connecticut action should not have been immunized from the sham litigation exception simply because a default judgment was rendered in favor of appellees. See T.F.T.F., 33 F.Supp.2d at 126. Appellant also contests the district court's sham litigation finding on the basis that the judgment in the Connecticut action was engineered by appellees' deceit. Finally, both parties have cross-moved for sanctions, claiming misconduct by the other in connection with this appeal.
 
 
 10
 We think that the district court erred when it found the sham litigation exception to Noerr-Pennington to be inapplicable on the basis of the default judgment rendered in the Connecticut action. It is generally true that a winning lawsuit is "a reasonable effort at petitioning for redress and therefore not a sham." Prof'l Real Estate, 508 U.S. at 60 n. 5, 113 S.Ct. 1920. However, although it is a winning lawsuit, a default judgment does not ipso facto constitute a determination of the "objective reasonableness" of the lawsuit, especially in a case where the plaintiff claims that the judgment in the prior action was obtained through deceit. In declining to endorse the district court's reasoning, we emphasize that we do not mean to foreclose the possibility that, under different circumstances, a default judgment could properly be deemed a non-sham suit.
 
 
 11
 We need not resolve the issues relating to the effect of a default judgment for Noerr-Pennington purposes because the district court's judgment can be affirmed on the basis that appellant's state law claims are wholly without merit. Appellant's tortious interference claim fails as a matter of law because the undisputed evidence shows that, by the end of August 1988, Naugatuck had essentially closed down. Accordingly, T.F.T.F. has failed to raise an issue concerning its claim that appellees' execution of the pre-judgment attachment in September 1988 tortiously interfered with its expectation of economic benefit from its relationship with Naugatuck.
 
 
 12
 T.F.T.F.'s abuse of process claim also fails as a matter of law because it has failed to produce sufficient evidence that Marcus Dairy used the legal process in the underlying action "primarily to accomplish a purpose for which it was not designed." Mozzochi v. Beck, 204 Conn. 490, 494, 529 A.2d 171 (1987) (citation and internal quotation marks omitted, emphasis in original). Marcus Dairy sought a money judgment, and the pre-judgment remedies to secure that judgment, in an action to collect on allegedly defaulted financial obligations. Even if Marcus Dairy did improperly attach the assets of a third party, an action which might be considered "outside the normal course of proceedings," id. at 493, 529 A.2d 171, the undisputed evidence shows that Marcus Dairy immediately sought to return control of the assets to the proper parties. Therefore, no reasonable jury could find that Marcus Dairy's primary purpose was to attach property that did not belong to Freedom Foods.
 
 
 13
 Finally, we deny both parties' motions for appellate sanctions because this appeal was not frivolous. See Fed. R.App. P. 38.
 
 CONCLUSION
 
 14
 The judgment of the district court is affirmed.
 
 
 
 Notes:
 
 
 [1]
 Although Michael Marcus was not formally a party to the Connecticut action, appellant refers to both appellees, Michael Marcus and Marcus Dairy, collectively in connection with that action. Because any distinctions between appellees are irrelevant to this appeal, we follow appellant's practice where convenient
 
 
 [2]
 Appellant does not contest the district court's dismissal of its fraudulent misrepresentation claim as time barred