■ I.G. SECOND GENERATION PARTNERS, L.P., et al., Appellants, v DUANE READE et al., Respondents. [793 NYS2d 379]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about July 3, 2002, which granted defendants' motion to dismiss plaintiffs' causes of action for malicious prosecution and abuse of process; order, same court and Justice, entered June 4, 2003, which, to the extent appealable, denied plaintiffs' motion for leave to amend their complaint with additional facts purporting to support their malicious prosecution

and abuse of process claims, and adding causes of action for breach of implied contract in fact and breach of implied contract in law; and order, same court and Justice, entered on or about September 18, 2003, granting defendants' motion to dismiss plaintiffs' cause of action for tortious interference with contract, and implicitly denying plaintiffs' motion to amend their complaint to allege additional facts in support of that claim, unanimously affirmed, with one bill of costs.

Plaintiffs' cause for malicious prosecution is not viable since they cannot show that probable cause was entirely lacking for defendants' underlying declaratory judgment action against them (*see Engel v CBS, Inc.*, 93 NY2d 195, 204-206 [1999]; *Williams v Barber*, 3 AD3d 695, 696-697 [2004]; *Honzawa v Honzawa*, 268 AD2d 327 [2000]). Where, as here, a judgment has been entered against the malicious prosecution plaintiff in the prior action of which it complains, that circumstance is at least prima facie evidence that the prior action was based on probable cause, and this presumption is not overcome by a subsequent reversal (*see Crown Wisteria, Inc. v F.G.F. Enters. Corp.*, 168 AD2d 238 [1990]). Plaintiffs have failed to allege any facts from which it might be inferred that the prior decision in defendants' favor in the underlying action was obtained by fraud or misrepresentation and have thus failed to overcome the presumption of probable cause (*see id.; compare Honzawa, supra*). Indeed, even without the presumption, we would find that the underlying action, while ultimately unsuccessful, was based on probable cause. Leave to amend to permit plaintiffs to assert additional factual allegations in purported support of their malicious prosecution claim was properly denied, since the proposed amendments did not set forth facts permitting the inference that the prior judgment was obtained by fraud or misrepresentation (*see generally Heller v Louis Provenzano, Inc.*, 303 AD2d 20, 25 [2003]).

The court also properly dismissed plaintiffs' claim for abuse of process. No action for abuse of process will lie premised merely upon the commencement of a civil action, even if such action is commenced with malicious intent (*see Walentas v Johnes*, 257 AD2d 352, 354 [1999], *lv dismissed* 93 NY2d 958 [1999]; *Artzt v Greenburger*, 161 AD2d 389, 390 [1990]; *Raved v Raved*, 105 AD2d 735, 736 [1984]). There is no indication that "process" was perversely utilized by defendants to obtain a collateral advantage. Defendants, in the prior action, sought a declaration that they were entitled to possession of the subject premises, relief that was entirely appropriate and in no way collateral to their objective of securing an exclusive right to pos-

sess the premises (*compare Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO*, 38 NY2d 397 [1975]). Plaintiffs' proposed amended complaint failed to cure the defects in this claim.

Also lacking viability was plaintiffs' claim that the prior action brought by defendants tortiously interfered with their contract with a third party. Defendant's commencement of the declaratory judgment action is immunized by the *Noerr-Pennington* doctrine, which holds, essentially, that parties may not be subjected to liability for petitioning the government (*see Eastern Railroad Presidents Conference v Noerr Motor Freight, Inc.*, 365 US 127 [1961]; *and see Mine Workers v Pennington*, 381 US 657 [1965]). The filing of litigation falls within the protection of the *Noerr-Pennington* doctrine, which has been applied to bar claims of tortious interference predicated on the commencement of litigation (*see Matsushita Elecs. Corp. v Loral Corp.*, 974 F Supp 345 [SD NY 1997]; *Concourse Nursing Home v Engelstein*, 278 AD2d 35 [2000]). Plaintiffs have failed to allege sufficient facts from which it might be inferred that the prior action was a "sham" so as to overcome the bar posed by *Noerr-Pennington* (*see id.*). Indeed, the record demonstrates as a matter of law that the prior litigation was not objectively baseless, and, as noted, plaintiffs have no viable claim that defendants' prior victory was obtained by fraud or deceit (*see Professional Real Estate Investors, Inc. v Columbia Pictures Industries, Inc.*, 508 US 49, 60 [1993]; *T.F.T.F. Capital Corp. v Marcus Dairy, Inc.*, 312 F3d 90, 93-94 [2d Cir 2002]). Again, plaintiffs' proposed amendments do not cure the claim's essential deficiencies, and were properly rejected.

The court also properly denied plaintiffs' motion to amend their complaint to include a claim for unpaid rent based on an implied contract theory. For a contract to be implied in fact, there must be proof of a meeting of the minds (*see Miller v Schloss*, 218 NY 400, 406 [1916]; *Berlinger v Lisi*, 288 AD2d 523 [2001]), which undisputedly did not occur here. Also unavailing was plaintiffs' proposed amendment seeking to recover rent on a quasi contract theory. Whether plaintiffs' claim is articulated as a breach of a quasi contract or a breach of the written contract, i.e., the lease and sublease in effect between the time of the declaratory judgment granted in defendants' favor in the underlying action and the time of this Court's reversal of that judgment, plaintiffs are not entitled to rent for the period in question, since the record conclusively establishes that plaintiffs caused defendants to be denied actual possession

of the premises, and thus that defendants received no benefit that would support the imposition of liability for past rent on an unjust enrichment theory.

We have reviewed plaintiffs' remaining arguments and find them unavailing. Concur—Buckley, P.J., Mazzarelli, Andrias, Saxe and Friedman, JJ.