■ ARLINGTON CENTRAL SCHOOL DISTRICT, Plaintiff, v HORIZON ROOFING AND SHEET, INC., et al., Appellants, and ALLIED SIGNAL, INC., et al., Respondents. [812 NYS2d 137]—

In an action to recover damages for breach of contract and breach of warranty, the defendants Horizon Roofing and Sheet Metal, Inc., and Horizon Group of New England appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated October 4, 2004, as

granted that branch of the motion of the defendants Allied Signal, Inc., and Honeywell, Inc., which was pursuant to CPLR 3211 (a) (7) to dismiss the appellants' cross claim against them for implied indemnification.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, Arlington Central School District, contracted with the appellants, Horizon Roofing and Sheet, Inc., and Horizon Group of New England (hereinafter collectively Horizon), to construct and install a roofing system at Arlington High School as part of more extensive construction at the school. Horizon contracted with the respondents, Allied Signal, Inc., and Honeywell, Inc. (hereinafter collectively Honeywell), for roofing materials and written specifications on how to install those materials. The plaintiff also contracted with the architectural firm of George Silverman & Associates (hereinafter Silverman) to perform the design and draw the plan and specifications for the school construction project, including the roof construction. The plaintiff, inter alia, sued Horizon to recover damages for breach of contract and warranty, alleging that the roof was defective, and sued Honeywell to recover damages for breach of contract for providing defective specifications and failing to properly supervise roof installation. Horizon asserted a counterclaim against the plaintiff which alleged that any defects were caused by the plaintiff's architectural firm and asserted a cross claim against Honeywell for implied indemnification. Honeywell moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the cross claim for failure to state a cause of action. The Supreme Court, among other things, granted that branch of Honeywell's motion. We affirm.

The Supreme Court properly determined that Horizon did not state a cause of action sounding in implied indemnification against Honeywell. There could be no cause of action for implied indemnification because the responsibility for constructing and installing the roofing system was shared by Horizon, Honeywell, and Silverman (*see Trustees of Columbia Univ. v Mitchell/ Giurgola Assoc.*, 109 AD2d 449, 453-454 [1985]; *County of Westchester v Welton Becket Assoc.*, 102 AD2d 34, 47 [1984], *affd* 66 NY2d 642 [1985]).

Horizon's remaining contentions are without merit (*see Meyer v Guinta*, 262 AD2d 463, 464 [1999]; *County of Suffolk v Caccavalla*, 227 AD2d 511, 514 [1996]; *Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320 [1987]). Florio, J.P., Miller, Goldstein and Lunn, JJ., concur.