1989’s allegations that the Icahn defendants breached the parties’ LLC and Side Letter Agreements by transferring shares of Federal Mogul Corporation to an Icahn affiliate and causing that affiliate to institute a bond offering without disclosing *547 1989’s interest in the shares to potential investors, thereby encumbering the shares and endangering 1989’s interest, were sufficient to withstand the Icahn defendants’ motion to dismiss (see Harris v Seward Park Hous. Corp., 79 AD3d 425, 426 [1st Dept 2010]; Jericho Group, Ltd. v Midtown Dev., L.P., 32 AD3d 294, 298 [1st Dept 2006]).
The Icahn plaintiffs offer no support for their assertion that 1989’s filing of a Schedule 13D with the SEC in 2010 is not entitled to protection under the Noerr-Pennington doctrine because the document was simply a “disclosure document.” The 13D was filed because the 2010 litigation was commenced, and thus, it was incidental to that litigation and falls squarely within the protection of the Noerr-Pennington doctrine (see Aircapital Cablevision, Inc. v Starlink Communications Group, Inc., 634 F Supp 316, 323-324 [D Kan 1986] [finding publicity that was “(c)learly . . . bully-type conduct” that undoubtedly hurt defendant’s business to be “incidental to the lawsuit”]). Here, as in Aircapital, the filing of the Schedule 13D amendment was incidental to the lawsuit, and thus protected, even if, as the Icahn plaintiffs argue, the 13D was only a glorified press release meant to frighten away investors, and even if the Raynor defendants would have been “better advised to have refrained from [so filing]” (Aircapital, 634 F Supp at 324). As such, the court properly dismissed both the tortious interference and prima facie tort claims as precluded by Noerr-Pennington (see Concourse Nursing Home v Engelstein, 278 AD2d 35 [1st Dept 2000] [dismissing tortious interference and prima facie tort claims as precluded by Noerr-Pennington]). Because these claims are precluded by Noerr-Pennington, this court need not consider whether they were otherwise well pleaded.
The court also properly dismissed the remainder of the Icahn plaintiffs’ claims.
The Icahn plaintiffs attempt to exclude from absolute immunity to claims of injurious falsehood, certain statements made by the Raynor defendants specifically in the Schedule 13D. As found by the lower court, however, the absolute privilege applies “even in quasi-judicial hearings and administrative hearings, and the privilege ‘attaches not only to the hearing stage, but to every step of the proceeding even if it is preliminary and/or investigatory, and irrespective of whether formal charges are ever presented’ ” (32 Misc 3d 1224[A], 2011 NY Slip Op 51416[U], * 6 [Sup Ct, NY County 2011], quoting Cicconi v McGinn, Smith & Co., Inc., 27 AD3d 59, 62 [1st Dept 2005], appeal dismissed 6 NY3d 807 [2006]). Here, the Raynor defendants filed the Schedule 13D amendment as part of the broad *548 regulatory scheme required by the SEC and kicked into gear by the Icahn plaintiffs’ commencement of the bond offering process. The Icahn plaintiffs, thus, offer no basis to deny absolute privilege to the statements made in the Schedule 13D amendment, and the injurious falsehood claim was appropriately dismissed.
The gravamen of the Icahn plaintiffs’ abuse of process claim is that the Raynor defendants abused the legal process by filing the 2010 lawsuit with malicious intent. This fact is borne out by review of the actual language of the cause of action, which states that “the conduct in the filing of the Lawsuit” — not the filing of the Schedule 13D — was the abuse of process. Such a claim cannot stand (see I.G. Second Generation Partners, L.P. v Duane Reade, 17 AD3d 206, 207 [1st Dept 2005]).
Finally, the court properly denied the Icahn plaintiffs’ motion to amend, as any amendment would be “palpably insufficient or clearly devoid of merit” (Perrotti v Becker, Glynn, Melamed & Muffly LLP, 82 AD3d 495, 498 [1st Dept 2011]), given that three of the claims at issue are barred by immunity doctrines and that no amendment can alter the fact that the filing of a complaint, alone, is not an abuse of process.
We have considered the parties’ remaining arguments and find them unavailing. Concur — Gonzalez, EJ., Sweeny, Acosta, Renwick and Manzanet-Daniels, JJ.