■ RESIDENTIAL BOARD OF MANAGERS OF 310 WEST 52ND STREET CONDOMINIUM, Plaintiff, v EL-AD 52 LLC, Defendant/Third-Party Plaintiff-Appellant. APOGEE WAUSAU GROUP, INC., Doing Business as WAUSAU WINDOW & WALL SYSTEMS, Third-Party Defendant-Respondent, et al., Third-Party Defendants. (And a Second Third-Party Action.) [35 NYS3d 12]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered September 15, 2014, which granted third-party defendant-respondent's (Wausau) motion to dismiss the third-party complaint as against it, unanimously affirmed, with costs.

Third-party plaintiff (El-Ad), a sponsor and owner of a condominium building that was allegedly constructed in a defective manner, asserted claims against Wausau for breach of contract, breach of warranty, negligence, common-law indemnification, common-law contribution, contractual indemnification, and contractual contribution. Wausau allegedly supplied defective windows, window frames, and terrace doors to second third-party defendant Ecker Window Corp., the installation subcontractor.

The motion court correctly dismissed the breach of contract and breach of warranty claims as barred by the four-year statute of limitations set forth in UCC 2-725. Wausau delivered the supplies no later than December 1, 2008 and El-Ad did not file the third-party complaint until December 18, 2012, more than four years later.

El-Ad was not a third-party beneficiary of the contract between Ecker and Wausau (*see Port Chester Elec. Constr. Corp. v Atlas*, 40 NY2d 652, 656 [1976]; *Amin Realty v K & R Constr. Corp.*, 306 AD2d 230, 231-232 [2d Dept 2003], *lv denied* 100 NY2d 515 [2003]). In addition, there is no evidence that Wausau agreed to be bound by the terms of the contracts between El-Ad and third-party defendant Tishman, the construction manager, or between Tishman and Ecker. Accordingly, the motion court correctly dismissed the contractual indemnification and contractual contribution claims.

The negligence claim was correctly dismissed, since El-Ad failed to plead that Wausau owed a duty of care toward El-Ad or that any of the *Espinal* exceptions applied (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138-139, 140 [2002]). Since there is no allegation or evidence that Wausau owed a duty of care to El-Ad or to plaintiff, the motion court also correctly dismissed the common-law contribution claim (*see Aiello v Burns Intl. Sec. Servs. Corp.*, 110 AD3d 234, 247-248 [1st Dept 2013]; *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 125 AD2d 754, 756 [3d Dept 1986], *affd* 71 NY2d 599 [1988]). The common-law indemnification claim fails as a matter of law, since the responsibility for the windows was shared

by El-Ad, Wausau, Tishman, and Ecker (*see Arlington Cent. School Dist. v Horizon Roofing & Sheet, Inc.*, 27 AD3d 676, 677 [2d Dept 2006]).

We have considered El-Ad's remaining arguments, including its contention that Wausau's motion was premature, and find them unavailing. Concur—Acosta, J.P., Renwick, Saxe, Richter and Gische, JJ.