75 First Ave. Club LLC v United Glass Sys. Corp. (2024 NY Slip Op 00161)

75 First Ave. Club LLC v United Glass Sys. Corp.

2024 NY Slip Op 00161

Decided on January 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 16, 2024

Before: Moulton, J.P., Kapnick, Scarpulla, Higgitt, O'Neill Levy, JJ. 

Index No. 652658/22 Appeal No. 1434 Case No. 2023-03185 

[*1]75 First Avenue Club LLC, Plaintiff-Respondent,
v
United Glass Systems Corp. et al., Defendants, Safti First, Defendant-Appellant.

Levitt LLP, Mineola (Trevor M. Gomberg of counsel), for appellant.
Cozen O'Connor, New York (Vincent P. Pozzuto of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered May 31, 2023, which, to the extent appealed as limited by the briefs, denied defendant Safti First's (Safti) motion to dismiss pursuant to CPLR 3211(a)(7) the breach of express warranty, breach of implied warranty, and breach of implied contract claims, unanimously reversed, on the law, without costs, and the motion granted.
A third party may sue to enforce its rights on a contract made for its benefit in two situations: "when the third party is the only one who could recover for the breach of contract or when it is otherwise clear from the language of the contract that there was 'an intent to permit enforcement by the third party'" (Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 710 [2018], quoting Fourth Ocean Putnam Corp. v Interstate Wrecking Co., 66 NY2d 38, 45 [1985]]). With respect to construction contracts, the Court of Appeals generally requires "express contractual language stating that the contracting parties intended to benefit a third party by permitting that third party 'to enforce a promisee's contract with another'" (Samson Constr. Co., 30 NY3d at 710, quoting Port Chester Elec. Constr. Corp. v Atlas, 40 NY2d 652, 655 [1976] [internal brackets omitted]).
Plaintiff purports to be a third-party beneficiary to the contract between defendants United Glass Systems Corp./United Glass Systems (collectively UGS) and Safti to supply glass for the windows that were installed in plaintiff's building. It maintains that UGS and Safti intended to permit plaintiff to enforce the contract. In support of this position, plaintiff points to Safti's alleged conduct in "wanting to make it right" following UGS's installation of glass manufactured by Safti, and the purchase order from UGS to Safti, which lists plaintiff's address as the delivery location. Safti's conduct and plaintiff's address listed on the purchase order are neither "express contractual language" nor otherwise sufficient conductevincing UGS's and Safti's intent to permit plaintiff to enforce their contract as a third-party beneficiary (see id.; Board of Mgrs. Of Fifth Ave. Condominium v 141 Acquisition Assoc., LLC, 179 AD3d 627, 628 [1st Dept 2020]; see also Residential Bd. Of Mgrs. of 310 W. 52nd St. Condominium v El-Ad 52 LLC, 140 AD3d 536, 537 [1st Dept 2016]). Indeed, the Safti Standard Terms and Conditions of Sale explicitly states that "under no circumstances shall [Safti] be liable to buyer or any third party under tort, contract, or any other theory for . . . any other economic loss, or any incidental, direct, indirect, special or consequential damages." Accordingly, the breach of warranty claims should have been dismissed (see e.g. Structure Tone, Inc. v Universal Servs. Group, Ltd., 87 AD3d 909, 912 [1st Dept 2011]).
Also, the court should have dismissed plaintiff's implied-in-fact contract claims based on purported promises by Safti's representative to pay for plaintiff's re[*2]-installation costs. Plaintiff failed adequately to plead an implied contract claim. Plaintiff's principal averred only that Safti's representative told plaintiff that they could talk about whether Safti would cover plaintiff's re-installation costs but that he would have to discuss it with his partner. Accordingly, there was no meeting of the minds (see Maas v Cornell Univ., 94 NY2d 87, 93 [1999]; I.G. Second Generation Partners, L.P. v Duane Reade, 17 AD3d 206, 208 [1st Dept 2005]).
Additionally, plaintiff did not identify the contractual provision Safti allegedly violated (see Kraus v Visa Intl. Serv. Assn., 304 AD2d 408, 408 [1st Dept 2003]), or allege that any consideration was given for Safti's promise to cover the cost of re-installation (see Maas, 94 NY2d at 93-94). The court should not have considered counsel's contention, made without basis in the record, that plaintiff offered to delay suit against Safti if Safti paid for the re-installation of the windows (see Zuckerman v City of New York, 49 NY2d 557, 563 [1980]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 16, 2024